**Kathleen MURPHY, Plaintiff–Appellant,**

**v.**

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant–Appellee.**

**No. 1403, Docket 93–9168.**

United States Court of Appeals, Second Circuit.

Argued April 21, 1994.

Decided May 5, 1994.

David P. Madden, Washington, DC, for plaintiff-appellant.

Lynn A. Kappelman, Stamford, CT (Lawrence Peikes, Paul, Hastings, Janofsky & Walker, Stamford, CT, on the brief), for defendant-appellee.

Before: OAKES, KEARSE, and MAHONEY, Circuit Judges.

PER CURIAM:

Plaintiff Kathleen A. Murphy appeals from a final judgment of the United States District Court for the District of Connecticut, Alan H. Nevas, *Judge,* dismissing her complaint against defendant International Business Machines Corporation ("IBM") for denial of benefits under an employee-departure-incentive plan covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (1988). The district court, adopting the recommendation of Magistrate Judge Thomas P. Smith, granted IBM's motion for summary judgment on the ground that the denial of Murphy's application for benefits was not arbitrary or capricious. We affirm substantially for the reasons stated in Magistrate Judge Smith's Opinion dated August 30, 1993, adopted by District Judge Nevas's endorsed order dated September 20, 1993.

In May 1991, IBM announced its offer of an ERISA-covered voluntary exit-incentive program called the Individual Transition Option ("ITO") program. The ITO Program Employee Information Package ("Employee Information Package") given to employees included a Summary Plan Description ("Plan Summary"), which stated that the purpose of the ITO plan was to reduce IBM's workforce while retaining those employees IBM deemed to have skills essential to the continued efficient functioning of its business. The Plan Summary stated that "[a]lthough an employee is eligible to be considered for the program, he or she is not automatically entitled to receive program benefits. Based on business needs, requests will be approved for this program." The Employee Information Package reiterated that "[e]mployees who request to participate in the program are not automatically approved." (*Id.* at 10.) It stated that

IBM, in its discretion, will be the sole determiner of when an employee's departure is acceptable to the business and reserves the right to not approve an employ-

ee's request if management determines that the employee is necessary to the efficient operation of the business.

(*Id.* at 5; *see also id.* at 13 ("ITO is a voluntary option for employees who are approved by management. Approvals will be made in a variety of situations when an employee's departure will not significantly impact IBM's business objectives....").)

Murphy was employed by IBM as an associate programmer from November 1987 until September 1991. In August 1991, she submitted her application for a resignation payment under the ITO plan. In the following week, while on vacation, Murphy telephoned her manager, who told her that her ITO application had been denied by the plan administrator earlier that week. After resigning from IBM in September 1991, Murphy renewed her request for an ITO payment. In July 1992, she received a letter from the plan administrator, again denying her request, stating that "[t]he ITO Program Project Office in Kingston, New York, determined that you were necessary to the efficient operation of the IBM business. Therefore, under the provisions of the Summary Plan Description, you are not eligible for the ITO program."

Murphy commenced the present action in January 1993, contending that she was entitled to ITO benefits. In support of its motion for summary judgment, IBM's Statement of Undisputed Material Facts submitted pursuant to Local Rule 9(c) ("Rule 9(c) Statement") stated that during her tenure with IBM Murphy had been considered to be "an excellent performer," "an outstanding employee," and "a critical resource within IBM." Murphy did not submit an opposing statement pursuant to that Rule, and these evaluations were therefore admitted. *See* District of Connecticut Local Rule of Civil Procedure 9(c)1. Murphy nonetheless contends that summary judgment dismissing her claim of entitlement to ITO benefits was inappropriate because there were questions of fact as to the scope of the decisionmaker's discretion, the identity of the person who denied her application, and the reasons for the denial. She also contends that she did not have adequate opportunity for discovery

prior to consideration of IBM's motion for summary judgment and that the district court did not properly review the report of the magistrate judge who recommended the granting of the motion. All of her contentions lack merit.

■ Where an ERISA-covered benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits, the administrator's decision will not be disturbed unless it is arbitrary and capricious. *See Reichelt v. Emhart Corp.*, 921 F.2d 425, 431 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2854, 115 L.Ed.2d 1022 (1991); *see generally Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989). There can be no genuine issue here that the ITO plan administrator had such discretionary authority. As the Employee Information Package and Plan Summary expressly stated, an employee's application for ITO benefits did not entitle the employee to approval; rather the administrator had sole discretion to deny the application if the employee were deemed, in the discretion of IBM's management, to be necessary to IBM's business. The ITO administrator's decision to deny benefits must thus be upheld unless it was arbitrary and capricious. In light of the IBM evaluations of Murphy as an excellent and outstanding employee who was "a critical resource within IBM," and the highly discretionary terms of the plan, the denial of benefits on the ground that Murphy had been determined to be necessary to IBM's business cannot be deemed arbitrary or capricious, and the statement of that rationale for the decision was sufficient.

■ We see no merit in Murphy's contention that there was a material question to be tried with respect to the identity of the person who denied her application. Arguing that the space on her application form where a decision would normally have been indicated remained blank, Murphy speculates that her manager, rather than the ITO administrator, denied her application. She does not deny, however, that she received the July 1992 letter from the ITO administrator confirming that he denied her application for benefits and stating that the determination

that Murphy was necessary to IBM's business had been made by the ITO Program Project Office. Nor did Murphy contradict IBM's assertion in its Rule 9(c) Statement that in August 1991, her manager informed her that the decision to deny her application had been made by the plan administrator. In the face of this evidence, the mere absence of an indication of any decision on Murphy's application form was insufficient to create a genuine issue of material fact as to the identity of the decisionmaker.

We also reject Murphy's procedural challenges to the granting of summary judgment. Though she contends that she needed more discovery, she did not submit in the district court any affidavit specifying why that was so, and the denial of additional discovery was not an abuse of discretion. *See, e.g., Burlington Coat Factory Warehouse v. Esprit de Corp.*, 769 F.2d 919, 926 (2d Cir.1985). Murphy's contention that the district judge did not properly consider her objections to the magistrate judge's report also lacks merit. The judge's brief order mentioned that objections had been made and overruled. We do not construe the brevity of the order as an indication that the objections were not given due consideration, especially in light of the correctness of that report and the evident lack of merit in Murphy's objections.

## CONCLUSION

We have considered all of Murphy's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.

Normal costs to IBM; IBM's request for sanctions is denied.