**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL KAUS,

   Plaintiff-Appellant,

v.

STANDARD INSURANCE
COMPANY,

   Defendant-Appellee.

No. 97-3378
(D.C. No. 97-CV-4048-DES)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

*   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff brought suit against defendant under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). He sought judicial review of defendant's decision to deny him long-term disability benefits under an employee benefit plan sponsored by his employer. The district court granted defendant's motion for summary judgment and denied as moot plaintiff's motion to vacate the scheduling order. Plaintiff appealed. We have jurisdiction under 28 U.S.C. § 1291, and, for the reasons stated below, we affirm.

BACKGROUND

Galichia Medical Group, P.A. established a long-term disability plan for its employees. Plaintiff, an employee, participated in the plan. His coverage became effective on October 1, 1995.

An insurance policy issued by defendant funded the plan. Under the plan, defendant had "full and exclusive authority to . . . interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy." Appellant's App. at 129.

The policy provided that long-term disability benefits were not payable for any "Disability caused or contributed to by a Preexisting Condition or medical or surgical treatment of a Preexisting Condition." Id. at 127. The policy defined a preexisting condition as a mental or physical condition for which the claimant had consulted a physician, received medical treatment or services, or taken

-2-

prescription drugs or medications during the ninety-day period before the insurance became effective.    See id. at 119, 127.

Plaintiff applied for long-term disability benefits alleging disability due to depression. [1]  During the ninety-day period before October 1, 1995, plaintiff's medical records indicated that he had ongoing problems, including depression, related to Kallman's Syndrome and a penile transplant that was not healing properly.  The records also reflected that plaintiff's doctor had prescribed Valium. Based on the records, defendant concluded that a preexisting condition caused or contributed to plaintiff's depression and therefore denied plaintiff's claim for long-term disability benefits.

Plaintiff requested that defendant review this decision.  To support the request, plaintiff provided a letter from his doctor stating that he had prescribed Valium to aid sleep and healing and that plaintiff's depression was situational, surrounding his health problems.  The doctor further stated that plaintiff's psychological symptoms changed in late October and early November 1995 and, at that time, plaintiff suffered from major depression.  Upon review, defendant concluded that it had properly denied plaintiff's claim due to a preexisting condition.

---

[1]    Plaintiff also claimed disability benefits for health problems related to Kallman's Syndrome.  He does not challenge defendant's denial of benefits for this preexisting condition.

Thereafter, plaintiff sought judicial review. The magistrate judge entered a scheduling order directing defendant to file a dispositive motion and deferring all discovery until the district court ruled on the dispositive motion. Plaintiff filed a motion to vacate the scheduling order, and defendant filed a motion for summary judgment. The district court rejected plaintiff's alleged need for discovery. The district court determined that no evidence showed that defendant's decision was improperly influenced by its conflict of interest in funding and administering the plan or that it arbitrarily and capriciously denied plaintiff's claim based on conditions outside the language of the policy. The district court found no genuine issue of material fact to preclude summary judgment and that defendant's actions were reasonable, despite its conflict of interest. Accordingly, the district court granted defendant's motion for summary judgment and denied as moot plaintiff's motion to vacate the scheduling order.

## DISCUSSION

*Standard of Review*

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Charter Canyon Treatment Ctr. v. Pool Co., 153 F.3d 1132, 1135 (10th Cir. 1998). A district court properly grants summary judgment if "there is no genuine issue as to any

-4-

material fact and . . . the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c).

> A court reviewing a challenge to a denial of employee benefits under 29 U.S.C. § 1132(a)(1)(B) applies an "arbitrary and capricious" standard to a plan administrator's action if the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. Where the plan administrator operates under a conflict of interest [by both administering and funding the plan], however, the court may weigh that conflict as a factor in determining whether the plan administrator's actions were arbitrary and capricious.

Charter Canyon Treatment Ctr., 153 F.3d at 1135 (citations omitted). In applying this deferential standard of review, we focus on whether defendant's interpretation of the plan was reasonable, tempered by the potential conflict of interest inherent in defendant's concurrent funding and administration of the plan. See id. at 1136.

*Discovery*

Plaintiff argues the district court erred in granting defendant's motion for summary judgment without allowing him time for discovery. Plaintiff alleges that he should have been given the opportunity to depose defendant's employees concerning defendant's conflict of interest, its initial indication that the claim for depression was compensable, and its addition of conditions to the review process that are not clearly contained in the plan.

In the district court, plaintiff only filed a motion to vacate the scheduling order and asserted in his response to the summary judgment motion that he had not been allowed to conduct discovery. He did not, as he is required to do, file an affidavit pursuant to Fed. R. Civ. P. 56(f) explaining why he could not respond to the motion for summary judgment without discovery. See Committee for First Amend. v. Campbell, 962 F.2d 1517, 1522-23 (10th Cir. 1992); see also Weir v. Anaconda Co., 773 F.2d 1073, 1082 (10th Cir. 1985). An "unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." Committee for First Amend., 962 F.2d at 1522. Plaintiff's brief on appeal offers no argument regarding his failure to submit a Rule 56(f) affidavit.

"Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832-33 (10th Cir. 1986). As is discussed below, the district court properly granted defendant's motion for summary judgment. Thus, we conclude the district court did not abuse its discretion in denying additional discovery. See Murphy v. International Bus. Machs. Corp., 23 F.3d 719, 722 (2d Cir. 1994) (concluding no abuse of discretion in ERISA case where

plaintiff alleged necessity for additional discovery but failed to submit affidavit specifying why).

Even if strict compliance with Rule 56(f) is not required, plaintiff has failed to show how additional discovery will allow him to prove that there is a genuine issue of material fact. See Weir, 773 F.2d at 1083. Plaintiff has failed to establish that it would be appropriate to consider evidence outside of the administrative record. See Chambers v. Family Health Plan Corp., 100 F.3d 818, 823-24 (10th Cir. 1996) (holding that reviewing court generally may only consider evidence before plan administrator when reviewing under arbitrary and capricious standard); see also Farley v. Arkansas Blue Cross & Blue Shield, 147 F.3d 774, 776 n.4 (8th Cir. 1998) (recognizing that conflict of interest or serious procedural irregularities will usually be apparent on face of administrative record and therefore district court rarely needs to permit discovery); Trombetta v. Cragin Fed. Bank for Sav. Employee Stock Ownership Plan, 102 F.3d 1435, 1438 n.1 (7th Cir. 1996) (holding district court properly denied request for discovery; because arbitrary and capricious standard of review applied, only relevant materials before district court on summary judgment were materials before defendant when it reached its decision); Maune v. International Bhd. of Elec. Workers, Local No. 1, Health & Welfare Fund, 83 F.3d 959, 963 (8th Cir. 1996) (holding that where district court had all evidence considered by plan

administrator available for review, court properly denied plaintiff opportunity to conduct further discovery).

Here, the initial approval of benefits occurred only internally and before application of the preexisting condition rules. Nothing indicates that defendant added conditions to the review process that are not contained in the plan. The administrative record does not disclose a conflict of interest. See Farley, 147 F.2d at 776 n.4. Accordingly, we conclude the district court did not abuse its discretion in denying discovery.

*New Medical Evidence*

Plaintiff argues that the district court should have allowed him to introduce new medical evidence, which came to light after defendant denied his claim. Plaintiff maintains this new evidence shows that he is disabled based on health problems, some of which were unknown to him at the time he made his initial claim. This evidence was not part of the administrative record.

As indicated above, reviewing courts consider only evidence that was before the administrative decision-maker. See Chambers, 100 F.3d at 823-24; see also Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 381 (10th Cir. 1992) ("In effect, a curtain falls when the fiduciary completes its review, and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision."). We

conclude the district court did not err in refusing to allow plaintiff to present evidence outside of the administrative record.

*Denial of Benefits*

Plaintiff argues defendant's denial of benefits was arbitrary and capricious for three reasons: (1) defendant initially approved his claim for benefits and then later denied the claim; (2) defendant's decision to deny benefits was not reasonable based on the medical evidence; and (3) defendant changed the preexisting condition provisions of the plan during its review. We address each of these arguments in turn.

Plaintiff argues defendant acted arbitrarily and capriciously in initially approving his claim for benefits and then later denying the claim. Due to defendant's conflict of interest, plaintiff maintains a less deferential standard of review applies.

We agree with plaintiff, as did the district court, that a less deferential standard of review applies. See Chambers , 100 F.3d at 825. Thus, we will treat the conflict of interest as a factor in applying the arbitrary and capricious standard and will "decrease the level of deference given to the conflicted administrator's decision in proportion to the seriousness of the conflict." Id. at 825, 826-27.

Although defendant acted under a conflict of interest, plaintiff has failed to establish a genuine issue of material fact that defendant acted arbitrarily and

capriciously in denying benefits after initially approving benefits. Nothing indicates defendant failed to fully and fairly review plaintiff's claim despite the conflict of interest. The administrative record does not show that defendant ever actually approved plaintiff's claim for disability benefits. Rather, as indicated above, the internal approval occurred before consideration of the preexisting condition rules.

Plaintiff next argues that, based upon the medical evidence, defendant's decision to deny him benefits was arbitrary and capricious. Plaintiff contends that he did not consult with a doctor, receive any medical treatment, or take medication for major depression during the ninety days before October 1, 1995. According to plaintiff, the only reference to depression in the medical records during the relevant time period was "inadvertent" and referred "to situational depression surrounding his health problems and was not a diagnosis of major depression." Appellant's Br. at 16.

The record does not support plaintiff's argument. Although plaintiff was not specifically diagnosed with major depression until late October or early November 1995, see Appellant's App. at 167, in September of 1995 his doctor prescribed Valium and noted that his depression continued to be somewhat of a problem, see id. at 261, 264; see also id. at 268 (taking Valium "during the bad times" for anxiety and depression). We conclude the record contains substantial

evidence to sustain defendant's denial of benefits. See Sandoval , 967 F.2d at 380 n.4, 382 (indicating substantial evidence shows action is not arbitrary and capricious).

Lastly, plaintiff argues that defendant changed the policy's preexisting condition language during its review. According to plaintiff, the alleged change in the policy conditions shows arbitrary and capricious action in denying benefits.

A letter from defendant stated as follows:

> The group policy does not require that the diagnosis of the disabling condition be made during the investigation period, only that it is medically reasonable to determine that the medical condition or symptoms for which [plaintiff] was seen and treated during the investigation period can be medically linked to the present disabling condition.

Appellant's App. at 159. We agree with the district court that this interpretation of the plan is not in direct conflict with the plan and does not impose conditions not included in the plan, especially because, as plaintiff concedes, defendant had discretion to interpret the terms of the plan, see Appellant's Br. at 2. Defendant interpreted the plan according to its plain meaning. See Bartlett v. Martin Marietta Operations Support, Inc. Life Ins. Plan , 38 F.3d 514, 517 (10th Cir. 1994) (requiring language in ERISA plan to be given plain meaning). Thus, defendant reasonably interpreted the preexisting condition exclusion and did not add any terms or conditions to the plan.

Plaintiff also argues that this letter violates 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f). No evidence supports this conclusory argument.

We conclude defendant did not act arbitrarily or capriciously in denying plaintiff's claim for long-term disability benefits. We further conclude the district court did not err in granting defendant's motion for summary judgment.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge