UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TOM FINZEL, individually,
<u>Plaintiff-Appellant,</u>

and

TRACY THOMPSON, a/k/a Tracy
Brown,
<u>Plaintiff,</u>

v.                                                                No. 98-1230

MAZDA MOTOR OF AMERICA,
INCORPORATED, a foreign corporation;
CHRYSLER PLYMOUTH CITY COMPANY,
INCORPORATED, d/b/a Benson Ingram
Park Motors,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CA-97-381-PJM)

Submitted: December 15, 1998

Decided: January 14, 1999

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary A. Chernay, COHEN, NORRIS, SCHERER, WEINBERGER &
HARRIS, North Palm Beach, Florida, for Appellant. David R. Kelly,

Robert M. Lewis, BOWMAN AND BROOKE L.L.P., Minneapolis, Minnesota; Brigit M. Macksey, H. Bruce Dorsey, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tom Finzel brought a products liability action against Mazda Motor of America, Inc., and Chrysler Plymouth City Co., Inc., claiming damages from a serious car accident. The district court granted Defendants' motions for summary judgment and denied Finzel's motion to amend the scheduling order. Finzel appeals, and we affirm.**1**

Finzel was represented in district court (and on appeal) by Gary A. Chernay, a Florida attorney who was not licensed to practice in Maryland district court at the time the suit was filed. Anthony Cantalupo served as Finzel's local counsel.

On February 14, 1997, the district court entered its first scheduling order, mandating expert disclosures by April 14. On April 2, the parties filed a stipulation to revise the scheduling order. This stipulation was circulated and agreed to by all counsel, including Chernay, although it was signed only by Cantalupo on behalf of Finzel. On April 4, the district court entered an order approving the revised scheduling order, and copies of the signed order were sent to counsel, although not to Chernay. The revised scheduling order obligated

_____

**1** As a preliminary matter, Defendants argue that Finzel's notice of appeal was untimely filed. However, we find that January 8, 1998, the date noted on the docket sheet, was the date of entry of judgment for purposes of Fed. R. Civ. P. 58, 79(a). Accordingly, we find that Finzel's appeal is timely.

2

expert witness designations by July 15, and discovery was set to close on September 15. Therefore, the deadline for service of written discovery was August 16.

On April 24, the district court granted Cantalupo's motion to withdraw as counsel. However, Chernay was still not admitted to practice in the district court of Maryland. Three months passed, and Chernay neither applied for admission, designated experts, nor served discovery requests.

In August, Defendants filed motions for summary judgment, arguing that Finzel's failure to designate expert witnesses was fatal to his case, as Maryland law requires expert testimony in product liability suits. Finzel's opposition to the motion was due on August 18. Also in August, Defendants served discovery requests on Finzel that were never answered.

On September 8, Chernay filed a motion on behalf of Finzel to amend the scheduling order. The motion was denied on September 9. On September 12, the district court entered an order permitting Chernay to appear pro hac vice for Finzel. On September 15, Finzel served Mazda with written discovery requests.

On October 2, Finzel filed an unsigned memorandum in opposition to the motions for summary judgment, asserting that, while expert testimony would likely be required at trial, he planned to file a motion for an extension of discovery. In addition, he claimed that Mazda had not yet responded to his September 15 discovery requests. Thus, he asserted that summary judgment should be denied pending further discovery. On January 5, 1998, the district court heard argument on the summary judgment motions and granted the motions based on the absence of proof of a defect in the subject car.

Finzel argues on appeal that the district court erred in granting summary judgment without allowing him more time for discovery. Finzel alleges that he should have been given the opportunity to seek discovery from Defendants regarding design defects and also to secure expert witnesses. Chernay accepts blame for missing several discovery deadlines, but also points out that he did not receive a

3

signed copy of the amended scheduling order and that for a long period of relevant time he was not admitted to the court.

A trial court necessarily has wide discretion in managing pre-trial discovery, and we review such orders for a clear abuse of discretion. See Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986). Reversal of a judgment because of an improper order denying or curtailing discovery is "unusual." See Goodrich v. Betkoski, 99 F.3d 505, 523 (2d Cir. 1996).

Fed. R. Civ. P. 56(f) allows a party who has no specific material contradicting his adversary's presentation of summary judgment to survive a summary judgment motion if he presents valid reasons justifying his failure of proof. In the district court, Finzel filed a motion to amend the scheduling order and asserted in his response to the summary judgment motion that he had not been allowed sufficient time to conduct discovery. However, he did not, as he is required to do, file an affidavit pursuant to Rule 56(f) explaining why he could not respond to the motion for summary judgment without discovery. See Committee for First Amendment v. Campbell , 962 F.2d 1517, 1522 (10th Cir. 1992). On appeal, Finzel argues that his motion to amend and his oral argument on the summary judgment motion should satisfy the requirements of Rule 56(f).

However, an "unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." Committee for First Amendment, 962 F.2d at 1522; see also Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995). "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832-33 (10th Cir. 1986). The parties do not dispute that the district court's grant of summary judgment was appropriate on the record as it existed at the time. Thus, we find that, because Finzel waived his opportunity to avoid summary judgment and secure further discovery, the district court did not abuse its discretion in denying additional discovery. See Murphy v. International Business Machs. Corp., 23 F.3d 719, 722 (2d Cir. 1994) (concluding no abuse of discretion in ERISA

4

case where plaintiff alleged necessity for additional discovery but failed to submit affidavit specifying why).

Even were we to accept Finzel's assertion that strict compliance with Rule 56(f) was unnecessary, the district court still properly denied Finzel's motion to amend the scheduling order. The party seeking additional discovery bears the burden of showing what specific facts he hopes to discover that will raise an issue of material fact. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986). The party opposing summary judgment also bears the burden of showing that the evidence sought actually exists. See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986). "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. See Nguyen, 44 F.3d at 242.

Finzel does not point to any specific facts that he has yet to discover. He conclusorily asserts that his car had a design defect, but he does not state that he has an expert witness who will testify as to what the alleged defect was, nor does he assert what he expects to find in Mazda's responses to his belated discovery requests. Nothing in Finzel's submissions gives any indication that such evidence exists. Further, Finzel offers no excuse for his dilatory conduct of discovery, aside from attorney oversight.[2] Under these circumstances, we find that the district court did not abuse its discretion in denying Finzel's motion for extension of time and granting summary judgment to Defendants.

We, therefore, affirm. We dispense with oral argument because the

_____

[2] While Chernay may not have received a signed copy of the stipulated amended scheduling order, he does not deny that he was aware of the contents. Further, if the amended schedule did not apply, then the old one was still in effect, rendering Chernay's responses even more delinquent. Finally, Chernay's argument that he was not admitted to practice in the district court is unconvincing, because he had three months in which to apply for admission and he failed to do so.

5

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6