**Jane Ann SPANGLER, individually and as Guardian for Whitney Page Spangler, Plaintiffs,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

No. 98–CV–702BU(J).

United States District Court, N.D. Oklahoma.

March 5, 1999.

Steven Vance Buckman, Tulsa, OK, Anne Darnell, Steve V. Buckman PC, Tulsa, OK , for Plaintiffs.

Timothy A. Carney, Elsie Cox Draper, Gable & Gotwals, Tulsa, OK, for defendant.

### *ORDER*

JOYNER, United States Magistrate Judge.

On March 4, 1999, this Court heard argument on Defendant's Motion for a Protective Order to prohibit further discovery. [Doc. No. 12–1]. Timothy A. Carney and Julie Doss appeared on behalf of the Defendant UNUM Life Insurance Company of America ("UNUM"). Steven V. Buckman appeared on behalf of the Plaintiffs. Having heard the argument of counsel, having reviewed the briefs filed by the parties and the applicable case law, the Court hereby finds that Defendant's Motion for a Protective Order should be **GRANTED.**

BACKGROUND

On August 17, 1997, L.G. Spangler and Melissa D. Wilson were killed in a one-car accident. Mr. Spangler's blood alcohol content was reported as .19% at the time of the automobile accident.

L.G. Spangler was an employee of Baldor Electric Company, and as an employee, was covered by the company group insurance policy. The Plaintiffs submitted a claim to UNUM for recovery of life insurance benefits. UNUM paid such benefits totaling approximately $110,000. The group insurance policy also provided coverage for "Accidental Bodily Injury," which was defined as "bodily harm caused solely by external violent and accidental means and not contributed to by any other cause." The policy stated that "No accidental death and dismemberment benefits will be paid for loss caused or contributed to by ... committing or attempting to commit an assault or a felony."

UNUM denied coverage for "Accidental Bodily Injury." UNUM determined that Mr. Spangler, pursuant to Oklahoma criminal statutes, was operating an automobile under the influence of alcohol in excess of the legal limit in Oklahoma which constitutes a misdemeanor offense. While operating the automobile, Mr. Spangler caused the death of his passenger which UNUM concluded was a felony offense of manslaughter in the first degree under 12 O.S. 1991, §§ 5, 9, 711, and 715.

At oral argument, Mr. Carney, UNUM's attorney, represented that the plan administrator contacted the District Attorney's

office for LeFlore County (the county where the accident occurred) and concluded, based on talking to an Assistant District Attorney, that felony charges could have been filed against Mr. Spangler. Plaintiff argues that no felony charges were, in fact, filed.

Plaintiffs additionally assert that the determination by UNUM of who was driving the vehicle may be flawed. Plaintiffs note that both drivers were thrown from the vehicle and no eyewitnesses observed the accident. Plaintiffs assert that UNUM's denial would· be improper if Mr. Spangler were a passenger in the car. According to Plaintiffs, UNUM relied on the report of an Oklahoma Highway Patrol officer that Mr. Spangler was the driver, and such reliance is improper. UNUM's attorney, at oral argument, represented that a UNUM representative contacted the Oklahoma Highway Patrol officer and determined that the officer's conclusion was based on the fact that (1) Mr. Spangler owned the vehicle, (2) Mr. Spangler was seen driving the vehicle by individual(s) a short time before the accident, and (3) Mr. Spangler was thrown from the car after the other victim, indicating that he was the driver and that the steering column had interfered with him being thrown from the car.

Defendant notes that Plaintiffs were informed of this decision and that Plaintiffs appealed the decision to the plan administrator. Plaintiffs were represented by an attorney during the appeal of the decision. Defendant, who is the plan administrator, denied the appeal.

## APPLICATION OF ERISA

Defendant asserts that ERISA applies to any plan, fund, or program that is established or maintained by an employer to provide for participants or beneficiaries through the purchase of insurance benefits in the event of, among other things, accidental death. Although Plaintiffs do not readily concede that ERISA applies to Defendant's plan, Plaintiffs make no arguments that ERISA does not apply. Defendant, in Defendant's brief walks through the appropriate hoops to establish the applicability of ERISA, and Plaintiff does not otherwise challenge its application.

## LIMITED DISCOVERY IN ERISA CASES

The Tenth Circuit Court of Appeals has concluded that, "in determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life and Casualty Insurance Co.,* 967 F.2d 377, 380 (10th Cir.1992). *See also Chambers v. Family Health Plan Corp.,* 100 F.3d 818, 823–24 (10th Cir.1996) ("Most circuits have held that in reviewing decisions of plan administrators under the arbitrary and capricious standard, the reviewing court may consider only the evidence that the administrators themselves considered."); *Donna May v. Metropolitan Life Ins. Co.,* No. CIV–97–1066–T (W.D.Okla. March 5, 1998) (discovery limited to the evidence that was before the plan administrator) (appended as Exhibit "6" to Defendant's Motion).

■ Thus, pursuant to Tenth Circuit law, Plaintiff is limited in discovery to obtaining only the information which was available and presented to the plan administrator at the time of the administrator's decision.

Plaintiffs point out that although they had access to an "administrative appeal process," that process did not provide to Plaintiffs the power to subpoena or conduct other discovery. Plaintiffs point is well taken. However, Plaintiffs cannot demonstrate that they were unable to contact or otherwise interview, during the administrative process, the Oklahoma Highway Patrol officer or the eyewitnesses the officer references in his report.[1] Plaintiffs'

1. The Court additionally notes that Defendant's protective order seeks protection from

Plaintiffs' 30(b)(6) requests. A subpoena to the Oklahoma Highway Patrol officer, who is

argument presumes that the administrative process failed because Plaintiffs did not have access to traditional tools of discovery. Plaintiffs have not convinced this Court that Plaintiffs were denied contact with the officer, that Plaintiffs attempted to contact the officer (or other witnesses), or that the administrative process otherwise failed. Absent additional information, Plaintiffs have not convinced the Court that the lack of subpoena power at the administrative level presented a burden sufficient to justify granting discovery beyond that contemplated by *Sandoval* or *Chambers.*

### CONFLICT OF INTEREST

■ Plaintiffs additionally assert that a "conflict of interest" exists because the Defendant is the administrator of the plan and the Defendant funds the plan and would therefore be the payor of Plaintiff's claim. Defendant argues that, assuming a conflict of interest exists, Plaintiffs are still not entitled to additional discovery in regard to the Oklahoma Highway Patrol officer, the witnesses he relied upon, or other information not presented to the plan administrator.

The Tenth Circuit law is clear—review by this Court is limited to the evidence presented to the plan administrator, and the presence of a conflict of interest merely results in the adjustment of the standard of review. The Tenth Circuit describes the conflict of interest as a "factor" for consideration by the Court and refers to the standard of review as a "sliding scale."

> Some circuits use a "sliding scale" approach. Under this approach, the reviewing court will always apply an arbitrary and capricious standard, but the court must decrease the level of deference given to the conflicted administra-

tor's decision in proportion to the seriousness of the conflict.

*Chambers,* 100 F.3d at 824.

Because the Court must determine how far to "slide the scale," Plaintiffs assert that discovery and evidence on the conflict of issue should be permitted. The Court concludes that, under the facts of this case, the conflict is apparent and therefore additional discovery, limited solely to the issue of the conflict of interest, is not necessary.

In *Palmer v. University Medical Group,* 973 F.Supp. 1179 (D.Or.1997), the court evaluated whether or not discovery on the issue of "conflict of interest" should be permitted. The court divided ERISA cases into two types of actions. First is the "classic benefits determination case" in which the issue is the right to benefits under the plan and resolution of the dispute usually involves interpreting the plan and applying the language of the plan to the facts as developed in the administrative record. Second is the "discretionary policy decision" case which often affects the plan as a whole or a large number of participants. In this type of case no objective standard exists to measure the decision and the issue is whether the decision maker acted "solely in the interest of the plan participants and beneficiaries." *Id.* at 1189. The court concluded that:

> In the typical ERISA "benefits determination" case, the primary focus of judicial review should not be upon the motives of the decision maker but rather upon the merits of the underlying benefits decision, *i.e.,* whether the underlying decision to deny benefits was within the range allotted to a reasonable decision maker.
>
> Instead of forcing the plaintiff in a "benefits determination" case to prove that the underlying decision was tainted by a conflict of interest (or requiring the defendant to show the decision was not tainted), the courts should simply ac-

not a party, is not within the context of Plaintiffs' current requests to Defendant, or Defen-

dant's motion to this Court for protection.

knowledge that in certain situations there is an inherent conflict of interest, *e.g.*, when the decision maker is the insurance company that must pay any benefits awarded. If such a conflict of interest appears to be present, the court still reviews the decision for abuse of discretion—assuming the Plan contains the requisite language conferring discretion upon the plan administrator—but the court's review is a little more searching (depending upon the severity of the conflict) and the court is not as quick to defer to the administrator's discretion.

The preceding methodology is appropriate for most ERISA claims, such as the instant case, where the plaintiff contends that she was entitled to benefits and the administrator disagrees. In such cases it is simply a matter of assessing whether the claimant satisfies the requirements for an award of benefits. However, the court may also be called upon to review ERISA claims that deal with discretionary policy decisions, often (though not always) affecting the plan as a whole or a large number of participants. In such cases, there is little, if any, language in the plan governing the matter in question. Since there is no objective standard against which to measure such decisions—and hence no "right" or "wrong" decision—it may be appropriate in those instances to consider whether the fiduciary's discretionary decision was in fact tainted by a conflict of interest that prevented the fiduciary from acting solely in the interests of plan beneficiaries and participants as required by 29 U.S.C. § 1104(a)(1). In that limited circumstance it might be appropriate to focus upon the administrator's motivations and to follow the "presumptively void"

approach articulated in *Atwood* and *Snow.*

*Id.* at 1189–90. The position taken by the Oregon court was followed in a subsequent Oregon court decision in *Hensley v. Northwest Permanente P.C. Retirement Plan and Trust,* 5 F.Supp.2d 887 (D.Or.1998). In *Hensley,* which involved a "discretionary policy decision," the court concluded that limited discovery on the conflict of interest issue was permissible.

Unlike *Hensley,* Plaintiffs' action is more analogous to the traditional type of ERISA action described in *Palmer.* Plaintiffs' claim depends upon an interpretation of the Plan and a review of the evidence which was presented to the plan administrator. *Hensley* concluded that under such circumstances, discovery as to the conflict of interest issue was not needed.

In *Kaus v. Standard Insurance Co.,* No.97–3378, 1998 WL 778055 (10th Cir. Nov. 5, 1998), an unpublished case, the Plaintiff asserted that the District Court erred by granting the Defendant's motion for summary judgment without permitting the Plaintiff discovery. "Plaintiff alleges that he should have been given the opportunity to depose defendant's employees concerning defendant's conflict of interest, its initial indication that the claim for depression was compensable, and its additions of conditions to the review process are not clearly contained in the plan." The Tenth Circuit Court of Appeals initially noted that Plaintiff had not filed the appropriate pleadings in the district court. The Court additionally noted that even if the Plaintiff had complied with the rules, "the plaintiff has failed to show how additional discovery will allow him to prove that there is a genuine issue of material fact." The Court references *Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774, 776 n. 4 [2] as "recognizing that

**2.** *Farley* provides "A palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and sup-

plementation of the record to establish these facts. We note, however, that conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative rec-

conflict of interest of procedural irregularities will usually be apparent on the face of administrative record and therefore district court rarely needs to permit discovery." [3] *Kaus* at *3.

The Court concludes, based on the issues and facts presented by Plaintiffs, that discovery on the potential conflict of issue is not necessary.

Defendant's Motion for a Protective Order [Doc. No. 12–1] is **GRANTED.**

IT IS SO ORDERED.

ord for the purpose of determining benefits." *Farley* 147 F.3d at 776 n. 4.

**3.** The *Kaus* Court additionally noted that "[t]he administrative record does not disclose a conflict of interest." *Kaus* seems similar to the present case in that the Defendant was the insurance policy which apparently issued the policy and funded the plan. *See Kaus,* at *1.