UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ROMAINE T. WORSTER,
             *Plaintiff-Appellant,*

v.

UNITED STATES POSTAL SERVICE,
William J. Henderson, Postmaster
General,
             *Defendant-Appellee.*

No. 01-1580

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-99-726-1)

Submitted: January 30, 2002

Decided: February 20, 2002

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mark F. Reynolds, II, High Point, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Gill P. Beck, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Romaine T. Worster appeals from the district court's orders denying her motion to extend time for discovery and granting Defendant's motion for summary judgment. Worster filed suit against the United States Postal Service ("USPS"), alleging that the USPS maintained a hostile work environment and discharged her on the basis of her gender. In short, Worster claims that she was terminated after she made death threats to a co-worker, who was harassing Worster based on her anti-union activities. According to Worster, male employees, who made similar threats, were not discharged.

Worster argues first that the USPS failed to respond to her discovery requests for documents. However, Worster never served any document requests on the USPS and never moved to compel production. It may be that Worster is claiming the USPS was delinquent in discovery during a related administrative proceeding, but that is irrelevant in this action. In any event, because Worster never requested any relief by the district court regarding the USPS's supposed refusal to turn over documents, she cannot raise this issue for the first time on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Worster also contends that the district court erred in denying her motion for an extension of time to conduct discovery. However, a trial court necessarily has wide discretion in managing pre-trial discovery, and an appellate court should not disturb its orders absent a clear abuse of discretion. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). Rule 56(f) of the Federal Rules of Civil Procedure allows a party who has no specific material contradicting her adversary's presentation of summary judgment to survive a summary judgment motion if she presents valid reasons justifying the failure of proof. In addition, the party or counsel must file an affidavit explaining why she could not respond to the motion for summary judgment

without discovery. *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in denying the motion to extend time and granting summary judgment, if it is otherwise appropriate. *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986); *see also Murphy v. International Business Machs. Corp.*, 23 F.3d 719, 722 (2d Cir. 1994) (concluding no abuse of discretion in granting summary judgment where plaintiff alleged necessity for additional discovery but failed to submit affidavit specifying why).

Here, Worster did not file the required affidavit and did not present any valid reason excusing either the failure to conduct timely discovery or the failure to file a Rule 56(f) affidavit. Because Worster did not file the required affidavit, the district court did not abuse its discretion in denying Worster's motion for an extension of time.

Worster points out many alleged errors in the district court's order granting summary judgment. However, most of these purported errors involve tangential facts. The only relevant conclusions disputed by Worster concern similarly situated male employees who were not discharged.

In her opposition to the motion for summary judgment, Worster submitted her attorney's notes regarding testimony or discovery from the administrative proceeding concerning other employees who engaged in threatening or violent behavior. The district court properly found that these notes were inadmissible, as they were not in the form of sworn testimony or affidavits and did not satisfy the rules for business records. In fact, it was not even clear from where the information in the notes was gathered. The district court then granted summary judgment finding, *inter alia*, that Worster had failed to submit proof of similarly situated male employees who were not discharged.*

---

*To make out a prima facie case that she was fired because of her gender, Worster must demonstrate: (1) that she belongs to a protected class; (2) that she was engaged in conduct comparable to employees outside the protected group; and (3) similarly situated employees outside the protected group were not discharged. *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993).

On appeal, Worster does not dispute that the evidence of comparable males was inadmissible. Because Worster failed to present admissible evidence supporting her claim that male employees who engaged in threatening behavior were not discharged, the district court properly granted summary judgment on her claim of discriminatory discharge. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (failure to prove an essential element of the non-movant's case renders the remaining facts immaterial). Further, although not specifically referred to on appeal, Worster has presented no evidence (admissible or not) of a sexually hostile environment.

Accordingly, we affirm the district court's orders denying Worster's motion to extend time for discovery and granting Defendant's motion for summary judgment. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*