say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 93 (internal citations omitted).

Petitioner's appellate brief argues the merits of her underlying asylum claim, but does not suggest any reasons why the BIA might have abused its discretion in denying petitioner's motion to reopen removal proceedings.

In any event, upon review of the record of this case, we conclude that the BIA did not abuse its discretion. The statutory framework governing asylum proceedings "does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." 1 Charles Gordon, Stanley Mailman & Stephen Yale–Loehr, *Immigration Law and Procedure* § 3.05 (2005). BIA regulations, in turn, provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *see also Zhao,* 265 F.3d at 90 ("[A] motion to reopen asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing. Such motions must state what new facts would be proven at a hearing and be supported by affidavits or other evidentiary material.") (internal citations omitted). In this case, the BIA's June 20, 2003 order clearly explained that the evidence submitted by petitioner in support of her motion was not "material" because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application. *See Ballenilla–Gonzalez v. INS,* 546 F.2d 515, 520 (2d Cir. 1976) (holding that "[i]mplicit" in the requirement that the party seeking reopening of proceedings "state the new facts to be proved at the reopened hearing" is the "the assumption that no such motion will be granted unless the facts alleged would be sufficient, if proved, to change the result"); *see also* 1 Gordon, Mailman & Yale–Loehr, *ante* § 3.05 (noting that consideration of a motion to reopen includes "an implicit requirement that the facts alleged would be sufficient, if proved, to change the result").

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition is denied and the decision of the Board of Immigration Appeals is affirmed.

**Milma GARCIA RAMOS,
Plaintiff–Appellant,**

v.

**1199 HEALTH CARE EMPLOYEES PENSION FUND and the Trustees of the 1199 Health Care Employees Pension Fund, Defendants–Appellees.**

**Docket No. 04–3720–CV.**

United States Court of Appeals, Second Circuit.

Argued: June 3, 2005.

Decided: June 23, 2005.

Gary Steven Stone, Legal Services for the Elderly, New York, NY, for Plaintiff–Appellant.

Jeffrey G. Stein, General Counsel, 1199 Health Care Employees Pension Fund, New York, NY,for Defendants–Appellees.

Before: McLAUGHLIN, STRAUB, and HALL, Circuit Judges.

STRAUB, Circuit Judge.

This appeal presents the issue of whether an ERISA plan beneficiary is entitled to an evidentiary hearing under *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506 (2d Cir.2002), concerning whether equitable tolling allows her to receive an increased amount of retroactive benefits. Even assuming without deciding that equitable tolling applies to time limits that are specified in ERISA plan provisions, we hold that it does not apply where the provision at issue affects the retrospective period for which a beneficiary can claim benefits but does not set forth a limitations period that procedurally bars her claim. Because the relevant provision of the 1199 Health Care Employees Pension Fund does not set forth such a limitations period, we affirm the judgment of the District Court.

## BACKGROUND

Plaintiff–Appellant Milma Garcia Ramos ("plaintiff-appellant") was employed at St. Luke's Hospital, a contributing employer to the 1199 Health Care Employees Pension Fund (the "Fund" or "Plan") of which plaintiff-appellant is a qualified beneficiary. The Fund is an employee benefit pension plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* On March 9, 1996, plaintiff-appellant was injured after a fall that occurred on her job site at St. Luke's. Plaintiff-appellant ceased working in June 1996 and filed for

and was awarded benefits from the Social Security Administration ("SSA"), which determined that she was "disabled according to [SSA] rules on June 10, 1996," and eligible for SSA benefits in December 1996.

On February 10, 1997, plaintiff-appellant sought treatment for depression and anxiety resulting from the physical trauma she endured from the accident. In a letter dated October 4, 2001, plaintiff-appellant's treating physician stated his opinion that since February 10, 1997, plaintiff-appellant has been "totally dysfunctional; her depression is so severe that she is not in good contact with reality; at times she is disoriented and does not know the month and year. She is also preoccupied with all kinds of somatic manifestations. Due to the above described psychopathology it is my opinion that [plaintiff-appellant's] ability to relate properly to her environment, to make proper decisions or to remember events is grossly impaired."

On July 26, 2001, plaintiff-appellant submitted an application for disability benefits to the Fund. On August 27, 2001, she was awarded benefits retroactive to August 1, 1999. On October 6, 2001, plaintiff-appellant's daughters appealed the decision, requesting that plaintiff-appellant be awarded benefits retroactive to December 1, 1996, the date she became eligible for SSA benefits, on the grounds that she was unable to file earlier because her health "hindered her from pro-actively coordinating her plans for a secure future." On December 18, 2001, the Fund denied the request, stating that the terms of the Plan limited benefits to the period of "two years prior to the date of filing the application with the Fund Office."

Section 8.1 of the Plan provides that "the payment commencement date of the Disability Pension Benefit shall be the first day of the month in which the payment of the Participant's Social Security disability benefits commence(d), but no earlier than two (2) years prior to the date of the filing of the application for the Disability Pension Benefit with the Fund Office." The Summary Plan Description reiterates this limitation of benefits. On June 6, 2002, through counsel, plaintiff-appellant requested reconsideration of this decision, maintaining that the doctrine of equitable tolling should be applied to her case because she "has a very significant mental disorder which precluded her from filing for disability benefits with the Fund." The Fund denied plaintiff-appellant's request for reconsideration on August 13, 2002, on the ground that equitable tolling was inapplicable "because this rule is not a procedural rule akin to a statute of limitations (i.e., an absolute bar to receiving benefits under the Plan), but a substantive rule governing the amount of benefits payable to a Plan participant." The Fund also concluded that, even assuming that equitable tolling was applicable, plaintiff-appellant had failed to establish the requisite connection between her mental condition and the late filing in order to warrant application of equitable tolling. On October 2, 2002, plaintiff-appellant again requested reconsideration, which was denied on October 23, 2002.

On June 23, 2003, plaintiff-appellant commenced this action against the Fund and its Trustees. Defendants-appellees subsequently moved for summary judgment. On June 7, 2004, the District Court granted defendants-appellees' motion, finding that the Fund had reasonably interpreted the Plan provisions to limit benefits to the two years prior to the filing of the application for benefits and that the Fund's decision to deny plaintiff-appellant disability benefits for periods prior to August 1, 1999, was neither arbitrary nor capricious. The District Court noted that

the Fund "persuasively" argued that " 'the two year maximum retroactivity disability benefit rule ... is not a limitation period at all. It is not an absolute bar to receiving benefits under the Plan. Rather, it is a substantive rule governing the amount of benefits payable to a Plan participant.' " The court also concluded that this Court's opinion in *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506 (2d Cir.2002), did not apply because the Plan's terms explicitly provide for the limitation of benefits and because plaintiff-appellant was afforded a hearing and administrative review. Judgment was entered on June 9, 2004, and plaintiff-appellant filed a notice of appeal on July 1, 2004.

## DISCUSSION

We review the District Court's grant of summary judgment *de novo,* "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *IBM Corp. v. Liberty Mut. Fire Ins. Co.,* 303 F.3d 419, 423 (2d Cir. 2002). Summary judgment is appropriate only if it can be established "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ While plaintiff-appellant argues that the District Court improperly reviewed the Fund's decision under the "arbitrary and capricious" standard, and that her assertion of equitable tolling should be reviewed *de novo,* we agree that the District Court applied the proper standard in analyzing the Fund's decision. The terms of the Plan confer on the administrator "discretionary authority to determine eligi-

bility for benefits [and] to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see also Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 441 (2d Cir.1995).

■ Plaintiff-appellant's principal argument on appeal is that she is entitled to an evidentiary hearing under *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506 (2d Cir.2002), to determine whether she is entitled to equitable tolling in order to receive benefits going back to the date on which she became eligible for social security benefits. According to plaintiff-appellant, *Chapman* stands for the proposition that equitable tolling "must be read into any provision of an employee benefit plan under ERISA that contains a time limit." We disagree and find *Chapman* distinguishable from the instant case.[1]

In *Chapman,* the plaintiff left her employment, claiming that she could no longer perform the duties of her employment because of a mental disability. 288 F.3d at 508. Almost two years later, she filed a claim for disability benefits under her employer's benefits plan. *Id.* The plan administrator denied the claim as untimely filed under a plan provision that indicated that a claim must be filed "no later than 90 days after the end of the elimination period" or "as soon [thereafter] as reasonably possible," which the plan administrator interpreted to mean no later than one year after the former deadline. *Id.* The plaintiff appealed this decision administratively. The plan administrator found that the appeal lacked merit and was untimely as it was not filed within sixty days of the deci-

---

1. Though we accord deference to the Fund's interpretation of the Plan, the question of whether Section 8.1 sets forth a statute of limitations that is subject to equitable tolling is a question of law, rather than a question of mere plan interpretation, and therefore, we examine the issue *de novo. See, e.g., O'Neil v. Ret. Plan for Salaried Employees of RKO Gen., Inc.,* 37 F.3d 55, 62 (2d Cir.1994).

sion. *Id.* at 508–09. The plaintiff then initiated suit in district court, arguing that the untimely filings were a product of her disabling mental condition and were, therefore, to be excused under the doctrine of equitable tolling. *Id.* at 509. The district court granted summary judgment to the defendant, and we vacated and remanded for further proceedings.

We found that a question existed as to whether the plan was entitled to enforce the sixty-day time limitation concerning the administrative appeal insofar as it was not set out in either the policy or the summary plan description, and we remanded to the district court to make such a determination. *See id.* at 514–15. As to the further question of whether this time period could be tolled, we noted, without deciding (because the issue could become moot), that the plaintiff had made a showing sufficient to warrant an evidentiary hearing on the question of whether her mental illness impaired counsel's efforts to file a timely administrative appeal. *See id.* at 511–14. We found significant the plaintiff's attorneys' averment that their efforts were obstructed by the plaintiff's illness "because it caused them to be unsure of her wishes and to be doubtful of their authority to represent her in pursuing administrative review" and that they encountered "difficulty in getting authorization" from plaintiff to pursue the review and "difficulty ensuring the accuracy and completeness of information received from [plaintiff]." *Id.* at 512–13. We also found relevant the plethora of medical evidence describing the plaintiff as "severely depressed," "distrusting of most everyone's motives," sometimes "becom[ing] para-lyzed with fear that leaves her either unable to think clearly or overcome by an intense, uncontrollable anger," "more or less out of control," "outrageous on the phone and totally unreachable," and having "difficulty focusing her attention and communicating her ideas in a clear and concise manner." *Id.* at 513 (internal citations and quotation marks omitted).

As we stated in *Chapman,* this Circuit "ha[s] never squarely held that [equitable tolling] applies to time limits that are specified in [ERISA] plan provisions." *See id.* at 512. We shall not do so here. Even assuming that equitable tolling does apply in such a context, plaintiff-appellant is not seeking tolling of any *time limit.* She is not seeking relief from a limitations period or some other procedural provision that poses a complete bar to benefits or to review. Section 8.1 of the Plan does not set forth a statute of limitations, but, rather, provides for the "payment commencement date" of the disability pension benefit, designated as "the first day of the month in which the payment of the Participant's Social Security disability benefits commence(d), but no earlier than two (2) years prior to the date of the filing of the application for the Disability Pension Benefit with the Fund Office." Accordingly, section 8.1 is not subject to traditional principles of equitable tolling. *See Andrews v. Principi,* 351 F.3d 1134, 1137–38 (Fed.Cir.2003) (holding that statute establishing effective date for payment of veteran benefits was not a statute of limitations subject to equitable tolling); *see also Veltri v. Building Serv. 32B–J Pension Fund,* 393 F.3d 318, 322 (2d Cir.2004) ("Equitable tolling is an extraordinary measure that applies only when plaintiff is *prevented from filing* despite exercising that level of diligence which could reasonably be expected in the circumstances." (emphasis added)). In *Chapman* and the related cases cited by plaintiff-appellant, the applicants were prevented from filing claims or obtaining review of an administrator's decision. *See Chapman,* 288 F.3d at 514; *Brown v. Parkchester S. Condos.,* 287 F.3d 58, 60–61 (2d Cir.2002) (remanding for evi-

dentiary hearing to determine whether equitable tolling of period in which to file Title VII claim was warranted in light of plaintiff's mental condition); *Boos v. Runyon,* 201 F.3d 178, 184 (2d Cir.2000) (holding that forty-five day period for seeking EEO counseling is subject to equitable tolling based on mental illness); *Canales v. Sullivan,* 936 F.2d 755, 756–59 (2d Cir. 1991) (holding that sixty-day statute of limitations in 42 U.S.C. § 405(g) may be equitably tolled based on a plaintiff's mental impairment). That did not occur here. Plaintiff-appellant's claim was found to be timely, benefits were awarded, and she was afforded review of the administrator's decision. She is merely seeking additional retroactive benefits. While we do not discount that some inequities may arise from the Plan's determination of the amount of benefits to which a claimant is entitled, equitable tolling is not the vehicle for remedying such inequities on these facts. Furthermore, the decision of the Plan administrator as to the amount of benefits to which plaintiff-appellant was entitled, as well as its plain reading of Section 8.1 as providing that benefits may not be awarded retroactively beyond the two years preceding the filing of an application for benefits, are afforded deference, *see Pagan,* 52 F.3d at 442–43, and we agree with the District Court that the Plan's decision that plaintiff-appellant was entitled to only two years of retroactive benefits was not arbitrary and capricious.

For the foregoing reasons the judgment of the District Court is hereby AFFIRMED.