Calogera CANDELA, Plaintiff–
Appellant,

v.

MASON TENDERS' DISTRICT COUN-
CIL WELFARE FUND and the Trus-
tees of the Mason Tenders' District
Council Welfare Fund, Defendants–
Appellees.

No. 05–5441–CV.

United States Court of Appeals,
Second Circuit.

March 29, 2006.

Robert J. Bach, New York, NY, for Plaintiff–Appellant.

Myron D. Rumeld and Russell L. Hirschhorn, Proskauer Rose LLP, New York, NY, for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* Chief District Judge.

## SUMMARY ORDER

### SUMMARY ORDER

Plaintiff–Appellant Calogera Candela appeals from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) granting summary judgment to the Trustees of the Mason Tenders' District Council Welfare Fund (the "Trustees") and Mason Tenders' District Council Welfare Fund (the "Welfare Fund") (together, the "Defendants"), denying Candela summary judgment, and dismissing all claims asserted by Candela in support of his application for retiree benefits. Familiarity with the facts, procedural history and issues on appeal is assumed.**

Although this Court reviews a grant of summary judgment *de novo, Jordan v. Ret. Comm. of Rensselaer Polytechnic Instit.,* 46 F.3d 1264, 1269 (2d Cir. 1995), in doing so, it reviews the Trustees' decision under the arbitrary and capricious

---

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

** In contradiction to the district court's opinion, the Plaintiff was employed during the following relevant periods: May 1998–October 1998, November 1998–April 1999, and May 1999–October 1999, and thus was entitled to medical benefits from January of 1999 to June of 2000.

standard as the parties have conceded. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (explaining that when a benefit plan confers upon the administrator discretionary authority to determine eligibility, we review the denial of medical benefits under the arbitrary or capricious standard); *see also Miller v. United Welfare Fund*, 72 F.3d 1066, 1070–71 (2d Cir.1995); *Garcia Ramos v. 1199 Health Care Employees Pension Fund*, 413 F.3d 234 (2d Cir.2005). Under this standard, "we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.' " *See Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995); *Murphy v. Int'l Business Machines Corp.*, 23 F.3d 719, 721 (2d Cir.1994), *cert. denied*, 513 U.S. 876, 115 S.Ct. 204, 130 L.Ed.2d 134 (1994). Thus, we will "overturn a decision to deny benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan*, 52 F.3d at 442 (internal quotation marks and citation omitted).

█ Candela has failed to show that the denial of benefits was unreasonable, and consequently, we affirm the district court's grant of summary judgment to the Defendants. The Trustees' denial of benefits was based on their interpretation of the phrase "during at least two of the last five years" to mean two full years, or four six-month periods. Since we do not find that this interpretation is an unreasonable one, we defer to it. *See Jordan*, 46 F.3d at 1271–1272 (explaining that the arbitrary and capricious standard requires this Court to uphold an administrator's reasonable interpretation of a provision); *see also Zuckerbrod v. Phoenix Mut. Life Ins. Co.*, 78 F.3d 46, 49 (2d Cir.1996) (noting that this Court will not upset a reasonable interpretation by an administrator). Ac-

cordingly, Candela's claim for benefits fails.

█ Candela's claim for breach of fiduciary duty necessarily fails because even assuming *arguendo* such a breach occurred, he is unable to show prejudice. *Ballone v. Eastman Kodak Co.*, 109 F.3d 117, 119 (2d Cir.1997) (stating that a participant cannot prevail on a claim for breach of fiduciary duty unless he or she establishes that there was a material misrepresentation or failure to disclose such that "would induce a reasonable person to rely upon [it]"). Candela has not argued, and is unable to argue, that he was prejudiced by his lack of awareness of the Trustees' interpretation of the provision since he retired on a disability pension; thus, he presumably could not have worked any longer even if he wanted to in order to qualify for retiree benefits. *See Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 112–113 (2d Cir.2003) (explaining that for a showing of prejudice, a plan participant must demonstrate that he was likely to have been harmed as a result of a deficient summary plan description). As a result, we reject Candela's breach of fiduciary duty claim as well.

We have considered all other arguments and find them to be without merit. Consequently, the Defendants were properly granted summary judgment.

For the foregoing reasons, the judgment of the district court is hereby affirmed.