**Sandra ABROMITIS, Plaintiff;**

v.

**CONTINENTAL CASUALTY COMPANY/CNA INSURANCE COMPANIES, Defendant.**

**No. 1:02CV165–C.**

United States District Court,
W.D. North Carolina,
Asheville Division.

Feb. 7, 2003.

Heather Newton, Dotson–Smith & Newton, Asheville, NC, for plaintiff.

Ingrid Blackwelder Erwin, Nexsen Pruet Jacobs & Pollard, Greenville, SC, for defendant.

## ORDER

COGBURN, United States Magistrate Judge.

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery. In her motion to compel, Plaintiff seeks to compel Defendant to answer Interrogatories Numbers Two and Three from Plaintiff's First Set of Interrogatories, requesting information about the number of times Defendant has contracted with Flora Ann Pinder, the vocational consultant employed by Defendant in this case, and the amount of money Defendant has paid to Dr. Pinder or her company to perform services in connection with long-term disability claims. Defendant objects to the relevant interrogatories on the basis that they seek information not relevant to the issues before this Court and on the basis that this Court is limited to the administrative record in its review of Defendant's decision. After carefully considering Plaintiff's motion and Defendant's response, as well as the legal authorities cited in each party's brief, the Court concludes, with some reluctance, that Plaintiff's motion is due to be denied.

## I. Introduction

In her Complaint, Plaintiff asserts that she is entitled to long-term disability ("LTD") benefits under an LTD benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, and administered by Defendant. Plaintiff alleges, in part, that Defendant operated under a conflict of interest in administering her claim and failed to conduct a full and fair review of the merits of her LTD claim. In evaluating Plaintiff's claim, Defendant submitted portions of Plaintiff's claim file to Dr. Pinder, an outside vocational consultant, and considered Dr. Pinder's report in rendering a decision. Dr. Pinder's report is in the administrative record, but Plaintiff seeks additional information about the number of LTD cases with which Dr. Pinder has assisted Defendant, as well as the amount of money Dr. Pinder has been paid by Defendant to consult on LTD claims. According to Plaintiff, Dr. Pinder's office is located approximately five miles from Maitland, Florida, where Defendant is headquartered, and Dr. Pinder considered only five pages of material in evaluating Plaintiff's claim. In the information sent to Dr. Pinder, she was instructed not to call Plaintiff,

and Plaintiff submitted a document from another case in which Dr. Pinder had sent her report to Defendant and asked Defendant's representative to "call with any changes." (Exh. C attached to Pl. Br. Supp. Mot. to Compel). Plaintiff asserts that the information she seeks about Dr. Pinder is relevant to the issue of Dr. Pinder's bias and possible conflict of interest. Defendant counters that it acknowledges that it both administers the ERISA plan at issue in this case and funds any claim for benefits, creating the potential for a conflict of interest, which admission obviates the need for discovery on this issue. Defendant also objects to the document submitted by Plaintiff from the other case in which Dr. Pinder was involved as inadmissible hearsay and notes that the changes to which Dr. Pinder was referring may well have been to various background details contained in the report, such as the date of loss, date of birth, education of the claimant, or other information.

## II. Discussion

■ As the Fourth Circuit has recognized, an ERISA fiduciary's conflict of interest is relevant to a court's review of a benefits decision in two respects. First, under the "sliding scale" standard of review applied to fiduciaries granted discretionary authority to make benefits decisions, a fiduciary's conflict of interest "may lessen the deference given to the fiduciary's discretionary decision to the extent necessary to 'neutralize any untoward influence resulting from that conflict.' " *Booth v. Wal–Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 343 n. 2 (4th Cir.2000) (quoting *Doe v. Group Hospitalization & Med. Servs.*, 3 F.3d 80, 87 (4th Cir.1993)); *see also Elliott v. Sara Lee Corp.*, 190 F.3d 601, 605 (4th Cir.1999); *Bedrick v. Travelers Ins. Co.*, 93 F.3d 149, 152 (1996). Second, a fiduciary's motives and any conflict of interest are a factor in evaluating the reasonableness of the fiduciary's discretionary decision. *Booth*, 201 F.3d at 342–43.

■ Plaintiff is correct in her assertion, then, that Defendant's conflict of interest is relevant to the Court's inquiry. For two reasons, however, this Court will deny Plaintiff's Motion to Compel. First, the discovery sought by Plaintiff relates to Defendant's employment of, and compensation paid to, an outside vocational expert. While Plaintiff argues and may well be correct that Dr. Pinder is neither truly "outside" nor "independent," she was not the decisionmaker in this case and it is not Dr. Pinder's decision that this Court is reviewing. Dr. Pinder's report may be evidence that this Court will have to consider in determining whether Defendant's decision to deny Plaintiff her LTD benefits was reasonable, but it is not the conflict of interest of a consultant employed by a fiduciary that the Fourth Circuit has held is relevant. Rather, the Fourth Circuit has made clear that it is the conflict of interest of the fiduciary, charged with rendering decisions in the best interest of the beneficiaries in the face of undeniable financial incentive to deny benefits in order to increase profits, that is relevant to this Court's decision.

■ The second reason the Court will deny Plaintiff's motion, which is related to the first, is that discovery is necessarily limited in ERISA suits. While the Fourth Circuit has held that discovery may be permitted, if necessary for resolution of the claim, when a court is conducting a *de novo* review of the administrator's decision, such discovery generally is not available when the court's review is for abuse of discretion, as in this case. *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir.1994); *see also Quesinberry v. Life Ins. Co. of North*

*Am.,* 987 F.2d 1017, 1026–27 (4th Cir. 1993). Discovery is permitted to determine whether the plan administrator acted under a conflict of interest at the time it rendered its benefits decision. *See, e.g., Cerrito v. Liberty Life Assurance Co. of Boston,* 209 F.R.D. 663, 664 (M.D.Fla. 2002). However, where "the conflict [of interest] is apparent," additional discovery as to the extent of the conflict of interest is not necessary. *Spangler v. Unum Life Ins. Co. of Am.,* 38 F.Supp.2d 952, 955 (N.D.Okla.1999) (rejecting plaintiffs' argument that additional discovery on the issue of conflict of interest was necessary for court to determine how far to "slide the scale" against deference to the plan administrator); *see also Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774, 776 n. 4 (8th Cir.1998) (noting that because conflict of interest or serious procedural irregularity will normally be apparent on the face of the administrative record, discovery and supplementation of administrative record is rarely necessary); *Trombetta v. Cragin Fed. Bank for Sav. Employee Stock Ownership Plan,* 102 F.3d 1435, 1438 n. 1 (7th Cir.1996) (affirming denial of plaintiffs' discovery request where deferential standard of review applied and stating that "[t]he only relevant materials at the time the district court ruled on summary judgment were the materials that were before the [plan administrator] when it reached its decision"); *Maune v. Internat'l Bhd. of Elec. Workers, Local # 1, Health & Welfare Fund,* 83 F.3d 959, 963 (8th Cir.1996) (affirming denial of plaintiffs' discovery request where district court "had before it all of the evidence relied on by the trustees in denying the claim").

Finally, the Court notes that because the evidence Plaintiff seeks to discover pertains to a conflict of interest of a vocational consultant hired by Defendant, permitting discovery requests such as this one would increase both the time and expense involved in reviewing ERISA benefits decisions. *See Newman v. Standard Ins. Co.,* 997 F.Supp. 1276, 1280–81 (C.D.Cal.1998) (discussing practical problems with opening up discovery to permit plaintiffs to explore motivations of, for example, "claims reviewers, consulting physicians, and corporate officers of plan administrators"); *Palmer v. University Med. Group,* 973 F.Supp. 1179, 1188 (D.Or.1997) (opining that permitting broad discovery into conflict of interest issue would "exponentially increase both the complexity and the cost of ERISA litigation"). The Court notes further that it is a fact of litigation that parties routinely hire consultants and experts whose independence can be seriously questioned, and judges are not oblivious to the influence wielded by companies who can afford to provide large amounts of business to consultants who render opinions in their favor. While claimants generally lack the resources enjoyed by defending companies, they, too, are frequently referred to physicians and consultants who benefit from referrals from the plaintiffs' bar.

Having recognized the difficulties posed by Plaintiff's position, the Court also recognizes that ERISA claimants may not have the advantage of legal advice or favorable referrals before the administrative process is complete, placing such claimants at a distinct disadvantage if discovery is not permitted on judicial review. For ERISA claimants not able or aware enough to hire legal counsel before the administrative process is complete, they likely enter into judicial review facing a loaded deck—a deck loaded with the expert opinions of those hired by the plan administrator and, with the possible exception of a treating physician or two, lacking the opinions of vocational or medical experts hired by the claimant. Further, if the plan vests discretion with the plan

administrator, as almost all do, such claimants also face the hurdle of a discretionary standard of review. *See Elliott,* 190 F.3d at 606 (recognizing that Fourth Circuit has held no abuse of discretion in plan fiduciary's denial of disability pension benefits where "conflicting medical reports" were presented). Nevertheless, the Fourth Circuit's decisions have emphasized the limited nature of discovery that can be permitted in ERISA actions, *see, e.g., Elliott,* 190 F.3d at 608, 608 n. 6, *Sheppard & Enoch Pratt Hosp.,* 32 F.3d at 125, and based on these decisions and the weight of authority from other jurisdictions, *see, e.g., Spangler,* 38 F.Supp.2d at 955; *Newman,* 997 F.Supp. at 1280–81, this Court will deny Plaintiff's motion.

## III. Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel (# 8) is **DENIED.**