MEMORANDUM OPINION
 

 SPENCER, District Judge.
 

 THIS MATTER is before the Court on Plaintiff Daris Stanley’s Motion to Compel discovery and Defendant Metropolitan Life Insurance Company’s Motion for Protective Order barring discovery. For the reasons discussed below, Plaintiffs Motion to Compel is DENIED and Defendant’s Motion for Protective Order is GRANTED.
 

 I.
 

 This action is governed by the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. §§ 1001, as amended,
 
 et seq.
 
 While employed with GEICO Corporation (“GEICO”), Plaintiff was a participant in an employee welfare benefit plan (“Plan”). Qualified Plan participants had access to long-term disability (“LTD”) insurance benefits, which were funded by a group disability income insurance policy issued by the Metropolitan Life Insurance Company (“MetLife”) to GEICO. In March 2000 Plaintiff claimed entitlement to LTD benefits based on her alleged disability. MetLife denied Plaintiffs claim.
 
 *DCCCXXXI
 
 Plaintiff then initiated this action, seeking recovery of benefits.
 

 On September 4, 2003, Plaintiff propounded to MetLife interrogatories, requests for production of documents, and issued a notice of deposition. On September 19, 2003, MetLife objected to the discovery requests. On November 17, 2003, Plaintiff moved to compel. MetLife subsequently moved for a protective order prohibiting discovery.
 

 II.
 

 The discovery Plaintiff seeks falls within the following categories:
 

 1. Whether all materials pertaining to the processing of Plaintiffs claim have in fact been produced as the “Administrative Record,” and the adequacy of that Record;
 

 2. Procedures, protocols, manuals, and guidelines that claims examiners are expected to follow with respect to claims processing generally and specifically ... [as to] whether procedures utilized in Plaintiffs case met standard protocols.
 

 3. Facts relied upon for the denial of benefits, including the integrity of any review by medical personnel; whether the claims examiner considered material in the file that is favorable to plaintiff, and if not, why not.
 

 4. Whether the claims processing and review procedures met the fairness requirements of ERISA.
 

 5. Whether Defendants’ [alleged] financial conflict of interest influenced the decision to deny long-term disability benefits to [Plaintiff],
 

 (PI. Mot. Compel, at 1).
 

 Plaintiff argues that she is entitled to the information in MetLife’s possession, control, and knowledge at the time Plaintiffs claim was processed and the claim decisions were made, including information not included in the Administrative Record. Defendant, however, asserts that the discoverable evidence in this case is limited to the Administrative Record.
 

 It is well settled that a denial of benefits challenged under ERISA § 1132(a)(1)(B) is subject to a deferential “abuse of discretion” standard of review when “the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.”
 
 Firestone Tire & Rubber Co. v. Bruch,
 
 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Here, the Plan expressly grants MetLife discretionary authority to determine a claimant’s entitlement to benefits upon submission of appropriate proof.
 
 [1]
 
 (Def. Mot. Prot. Ord., Ex. 1). Accordingly, the abuse of discretion standard properly applies in this case.
 

 In the Fourth Circuit, discovery is generally not available in ERISA cases where the district court reviews the administrator’s decision for abuse of discretion.
 
 Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.,
 
 32 F.3d 120, 125 (4th Cir.1994). In assessing the reasonableness of the administrator’s decision, the reviewing court must examine only the facts known to the administrator at the time it made its decision.
 
 Id.
 
 On several occasions, this Court has weighed in on the issue of discovery in ERISA cases. In
 
 *DCCCXXXII
 
 three similar ERISA cases, this Court prohibited discovery beyond the administrative record.
 
 Burkhart v. Metropolitan Life Ins. Co.,
 
 No. Civ. A. 3:02CV866, 2003 WL 21655486 (E.D.Va. June 11, 2003) (denying plaintiffs’ motion to compel and granting MetLife’s motion for protective order);
 
 Clanton v. Metropolitan Life Ins. Co.,
 
 No. Civ. A. 3:02CV855, 2003 WL 21655276 (E.D.Va. June 10, 2003) (same);
 
 Donnell v. Metropolitan Life Ins. Co.,
 
 No. Civ. A, 3:03CV180, 2003 WL 21655189 (E.D. Va. Jun 10, 2003) (same).
 

 Trust principles govern the limitation of discovery in ERISA cases. Such principles enable ERISA trustees to render decisions without the shadow of court intervention, thereby fulfilling ERISA’s goal of allowing employees and beneficiaries to resolve benefit claims inexpensively and expeditiously.
 
 Donnell,
 
 2003 WL 21655189, at * 1 (citing
 
 Perry v. Simplicity Eng’g,
 
 900 F.2d 963, 966-67 (6th Cir.1990)). Permitting district courts to consider evidence not presented to the plan administrator would “seriously impair” ERISA’s efficiency goals.
 
 Perry,
 
 900 F.2d at 967;
 
 see also Berry v. Ciba-Geigy Corp.,
 
 761 F.2d 1003, 1007 (4th Cir.1985) (trial court improperly admitted evidence not before plan administrator, contrary to ERISA’s policies of promoting “internal resolution of claims,” permitting “broad managerial discretion” of plan fiduciaries, and encouraging “informal and non-adversarial proceedings”). The Fourth Circuit is strongly averse to “the transfer of the administration of benefit and pension plans from their designated fiduciaries to the federal courts.”
 
 Quesinberry v. Life Ins. Co. of N. Am.,
 
 987 F.2d 1017, 1022 (4th Cir.1993) (en banc). In that no facts beyond the administrative record are admissible, discovery, which by definition seeks evidence beyond the record, is impermissible in this case.
 

 Plaintiff relies heavily upon
 
 Bedrick v. Travelers Ins. Co.,
 
 93 F.3d 149 (4th Cir.1996) and
 
 Booth v. Wal-Mart Stores, Inc. Associates and Welfare Plan,
 
 201 F.3d 335 (4th Cir.2000) to argue that discovery is permitted in ERISA cases. However, in
 
 Bedrick,
 
 the Fourth Circuit simply stated that discovery had been conducted at the trial level, but did not specifically rule on the propriety of discovery.
 
 See
 
 93 F.3d at 153-54. Moreover, in
 
 Booth,
 
 the Fourth Circuit actually based its decision on “a review of the [administrative] record,” which showed that the insurer’s decision was “principled and reasoned.” 201 F.3d at 344. The
 
 Booth
 
 court did not address the issue of discovery.
 

 Plaintiff also seeks discovery regarding whether MetLife’s decision to deny Plaintiffs claim was influenced by a conflict of interest. Although an asserted conflict of interest does not justify discovery, such a conflict does mandate a heightened abuse of discretion standard. A potential conflict of interest exists where the insurer and the administrator, or fiduciary, are the same entity.
 
 Elliott v. Sara Lee Corp.,
 
 190 F.3d 601, 605 (4th Cir.1999). Here, MetLife is both the insurer who processes and pays claims, and the plan administrator or fiduciary. To determine whether a decision to deny benefits was tainted by a conflict of interest, the Fourth Circuit employs a “modified” abuse of discretion standard.
 
 Nessell v. Crown Life Ins. Co.,
 
 92 F.Supp.2d 523 (E.D.Va.2000); (citing
 
 Martin v. Blue Cross & Blue Shield,
 
 115 F.3d 1201, 1206 (4th Cir.1997)). To counteract the effect of any conflict, the court reduces the amount of deference accorded to the administrator.
 
 Id.
 
 Under this modified approach, the greater the administrator’s incentive “to benefit itself by a certain interpretation of benefit eligibility ..., the more objectively reasonable the administrator’s] ... decision must be
 
 *DCCCXXXIII
 
 and the more substantial the evidence must be to support it.”
 
 Ellis v. Metropolitan Life Ins. Co.,
 
 126 F.3d 228, 233 (4th Cir.1997). The court must assess whether the administrator’s decision is consistent with a decision that might have been made by an administrator acting free of the interests that conflict with those of the beneficiaries.
 
 Id.
 

 However, even when applying the modified abuse of discretion standard, the court’s review remains limited to the administrative record.
 
 Nessell,
 
 92 F.Supp.2d at 532 (under the modified abuse of discretion standard, the “court’s review remains limited to the record known to the administrator at the time the adverse decision was rendered”).
 
 [2]
 
 To allow discovery in every ERISA case involving an administrator who is also the funding source “would involve far-reaching open-ended, nearly limitless discovery.”
 
 Newman v. Standard Ins. Co.,
 
 997 F.Supp. 1276, 1280-81 (C.D.Cal.1998). The tremendous expenses thereby incurred would frustrate the prompt and affordable resolution of benefit claims.
 

 MetLife has complied with its legal obligations. There is no evidence that MetLife is hiding materials from Plaintiff, as MetLife has provided Plaintiff a copy of the entire Administrative Record. Moreover, Plaintiff is mistaken in her assertion that she is entitled to discovery of the administrator’s “knowledge” at the time MetLife evaluated the claim. Discovery into MetLife’s thought processes is prohibited.
 
 See Winters v. UNUM Life Ins. Co. of Am.,
 
 No. 01-C-569-C, 2002 WL 31557505, at *2 (W.D.Wis. Feb.21, 2002) (“the mental processes of the plan’s administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency.... Put differently, deferential review of an administrative decision means review on the administrative record.”) (quoting
 
 Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan,
 
 195 F.3d 975, 981-82 (7th Cir.1999)). Guided by its commitment to insure the prompt and efficient resolution of benefit claims, the Fourth Circuit precludes discovery of non-record information, and therefore prohibits courts from probing into the recesses of the administrator’s mind.
 

 III.
 

 Where, as here, the Court applies an abuse of discretion standard to review the denial of benefits, only the facts contained in the Administrative Record are admissible and therefore discovery is barred. Moreover, although the Court utilizes a modified abuse of discretion standard to evaluate any alleged conflict of interest on the part of the plan administrator, the Court must still rely solely on the Administrative Record under this modified approach. Therefore Plaintiffs Motion to Compel is DENIED and Defendant’s Motion for a Protective Order is GRANTED.
 

 An appropriate Order shall issue.
 

 ORDER
 

 THIS MATTER is before the Court on Plaintiffs Motion to Compel, filed on November 18, 2003, and Defendant Metropolitan Life Insurance Company’s Motion for Protective Order, filed on November 28, 2003. For the reasons discussed in the
 
 *DCCCXXXIV
 
 accompanying Memorandum, Plaintiffs Motion to Compel discovery is DENIED and Defendant’s Motion for Protective Order barring discovery is GRANTED. Accordingly, discovery in this action is hereby PROHIBITED.
 

 Let the Clerk send a copy of this Order to all parties of record.
 

 It is SO ORDERED.
 

 [1]
 

 . The Plan states that MetLife “shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan.” (Def. Mot. Prot. Ord. Ex. 1, ML 24).
 

 [2]
 

 . Plaintiff cites several Ninth Circuit cases for the proposition that the court is not limited to the administrative record when determining whether an actual conflict of interest has tainted the benefit decision.
 
 See, e.g., Tremain v. Bell Industries,
 
 196 F.3d 970 (9th Cir.1999). However, these cases are merely persuasive, and are not binding. Moreover, the fact that MetLife was the insurer and the administrator of the Plan raises a potential, not actual, conflict of interest.