**James GREEN, Plaintiff,**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA; et al., Defendants.**

**No. EDCV04–963–VAP(SGLX).**

United States District Court, C.D. California.

Aug. 1, 2005.

---

Glenn R. Kantor, Kantor and Kantor, Sherman Oaks, CA, for Plaintiff.

Daniel W. Maguire, Galton & Helm, Los Angeles, CA, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

PHILLIPS, District Judge.

Defendants' Motion for Partial Summary Judgment came before the Court for hearing on August 1, 2005. After review-

ing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES Defendants' Motion for Summary Judgment.

### I. BACKGROUND

This case arises out of Defendant Sun Life Assurance Company of Canada's denial of Plaintiff James Green's application for long-term disability benefits in 2004. Plaintiff filed this action on August 5, 2004, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

Defendants now move for summary judgment on the standard of review this Court should apply to Sun Life Assurance Company of Canada's decision.[1] Defendants filed their Motion ("Mot.") and the Administrative Record ("Admin.R.") in this matter on May 19, 2005, and lodged a proposed Statement of Uncontroverted Facts ("Defs.' St."). Plaintiff filed his Opposition ("Opp'n") on June 27, 2005, accompanied by his Statement of Genuine Issues ("Pl.'s St."). Defendants filed their Reply on July 22, 2005.

### II. LEGAL STANDARD

"A party against whom a claim … is asserted … may, at any time, move … for a summary judgment in the party's favor as to … any part thereof." Fed. R.Civ.P. 56(b). The Court "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Fed.R.Civ.P. 56(d). The Court "shall thereupon make an order specifying the facts that appear without substantial controversy, including the ex-

---

1. The moving Defendants are: Sun Life Assurance Company of Canada ("Sun Life"); Stock Building Supply Long Term Disability Plan; and Stock Building Supply Life Insurance Plan. The Complaint also names Stock Building Supply Medical Plan and Stock Building Supply Pension/Retirement Plan as Defendants.

tent to which the amount of damages or other relief is not in controversy." *Id.*

A motion for partial summary adjudication is governed by the standard for summary judgment. *See California v. Campbell,* 138 F.3d 772, 780 (9th Cir.1998); 11 James Wm. Moore et al., Moore's Federal Practice § 56.40 (3d ed.1999). Thus, a motion for summary adjudication shall be granted when "there is no genuine issue as to [a] material fact" and "the moving party is entitled to [adjudication] as a matter of law." *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Generally, the burden is on the moving party to demonstrate that it is entitled to summary adjudication. *See Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998); *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030, 1033 (9th Cir.1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In addition, where, as here, the moving party has the burden at trial, "that party must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." *See Celotex,* 477 U.S. at 331, 106 S.Ct. 2548. The burden then shifts to the non-moving party "and requires that party ... to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial...." *see id.; Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; Fed.R.Civ.P. 56(e).

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The Court construes the evidence in the light most favorable to the non-moving party. *Barlow v. Ground,* 943 F.2d 1132, 1135 (9th Cir.1991); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir. 1987).

## III. DISCUSSION

### A. UNCONTROVERTED FACTS

Although Plaintiff disputes a number of Defendants' proposed facts, the parties do not dispute the language of the policy in question. Under the policy, "Proof must be satisfactory to Sun Life." [Defs.' St. Fact 9; Pl.'s St. at 4; Admin. R. at 405.]

The first, and potentially dispositive, question Defendants' Motion raises is whether this language constitutes a grant of discretion entitling Defendants to review for abuse of discretion. Because the Court finds that this language is insufficient to shield Defendants from de novo review, the Court does not reach the other grounds for de novo review Plaintiff advances in his Opposition and the corollary proposed facts which the parties dispute.

### B. Legal Significance of the Policy Language

"[D]istrict courts must review [ERISA] claims [challenging a denial of benefits] *de novo* unless the discretion to grant or deny claims is 'unambiguously retained' by a plan administrator or fiduciary." *Thomas v. Or. Fruit Prods., Co.,* 228 F.3d 991, 994 (9th Cir.2000) (citing *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir. 1999)).

In *Thomas,* the Ninth Circuit interpreted a policy which provided that "benefits will be paid only upon submission of 'satisfactory proof of Total Disability to us.'" *Id.* The court found this language amenable to at least two interpretations. First, the provision could mean that the insurer must be satisfied by the proof submitted, and second, it could indicate that proof

satisfactory to a reasonable person must be given to the insurer. *See id.* In light of this ambiguity, the court found that the plan did not "unambiguously grant [the insurer] discretion" and ruled that de novo review was proper. *See id.*

The policy in this case is similar to the phrasing of the first construction *Thomas* gave to the provision it was considering. Although *Thomas* did not rule on whether such language triggers abuse of discretion review, the decision suggests that it does not. *Thomas* reasoned that "submitted proof must be 'satisfactory to us' ... *arguably* confer[s] discretion on [the insurer]." *Id.* (emphasis in original). If language only "arguably" confers discretion, then by definition, it does not confer discretion "unambiguously," the requirement for deferential review. *Thomas* thus implies that standing alone, policy provisions declaring that "proof must be satisfactory to the insurer" do not defeat de novo review.[2]

This analysis is bolstered by the Ninth Circuit's post-*Kearney* decisions, which indicate that a policy's reservation of discretion must be quite explicit for an insurer to be accorded deference. In *Friedrich v. Intel Corp.*, for example, the court found that the following language was sufficient: "Intel 'shall have the sole discretion to interpret the terms of the Plan and to determine eligibility for benefits.' "[3] 181 F.3d 1105 (9th Cir.1999).

One year after *Friedrich*, the Ninth Circuit provided a summary of provisions which it had previously deemed sufficient to secure abuse of discretion review. *See Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1206 (9th Cir.2000). Those provisions, the court noted, explicitly gave the insurer authority to "determine eligibility, to construe the terms of the [p]lan, or to make final and binding determinations." *Id.* at 1205.

Thus, the following language met the insurer's burden for abuse of discretion review:

- " [the] determination ... will be made by Allied Signal";
- "the Company shall determine the eligibility of a person for benefits under the plan";
- "[t]he Board of Trustees shall have power ... to construe the provisions of this Trust Agreement and the Plan and any such construction adopted by the Board in good faith shall be binding.";
- "the administrator [has] 'sole discretion to interpret the terms of the Plan' and [her] interpretations 'shall be conclusive and binding' "; or
- "we have full and exclusive authority to ... interpret the Group Policy and resolve all questions arising in the ...

**2.** This point is also implicit in *Kearney*. The *Kearney* Court found the policy language it was construing susceptible to three interpretations. 175 F.3d at 1089. Two did not confer discretion. *Id.* at 1090. The third was that "subject to its fiduciary duty, if the administrator is not satisfied (and has not abused its discretion in so deciding), then it does not have to pay." *Id.* at 1090 (footnote omitted).

Commenting on this third construction, which reflects the meaning Sun Life ascribes to the language in its policy, the court found that "the dissent goes too far [] by suggesting that if anything is committed to the adminis-

trator's discretion, then everything is." *Id.* The court concluded that *"to the extent discretion is conferred, the conferral and its scope are at best ambiguous,* and at worst (from [the insurer's] viewpoint) the phrase does not confer discretion at all." *Id.* (emphasis added). Like *Thomas*, then, *Kearney* suggests that a provision simply requiring proof satisfactory to the insurer is not sufficiently specific to be unambiguous.

**3.** Citing this decision, *Thomas* noted that the plan it was considering "lacks the straightforward language now required by this court." 228 F.3d at 994 n. 3.

interpretation and application of the Group Policy" coupled with "any decision we make in the exercise of our authority is conclusive and binding."

*Id.* at 1205–06.

The language in question is not nearly as explicit as the language approved in *Sandy.* As *Sandy* points out:

> *Kearney* has settled the rule for us . . . . For sure there is no magic to the words "discretion" or "authority"—but we're not at Hogwarts. Therefore, it should be clear: unless the plan documents unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or construe the terms of the Plan, the standard of review will be de novo.

222 F.3d at 1207. Or, as the Second Circuit put it: "courts should require clear language and decline to search in semantic swamps for arguable grants of discretion." *Kinstler v. First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 252 (2d Cir.1999).

Defendants point to a number of decisions in this circuit finding that language like that of, or identical to, the Sun Life policy merits abuse of discretion review. [Mot. at 5 (citing *Dames v. Paul Revere Life Ins. Co.,* 49 F.Supp.2d 1194 (D.Or. 1999); *Neurocare, Inc. v. Principal Life Ins. Co.,* No. C 98–0195 MJJ, 1999 WL 33221123 (N.D.Cal. September 29, 1999)); Reply at 6–7 (citing *Helm v. Sun Life Assurance Co. of Canada,* 34 Fed.Appx. 328 (9th Cir.2002); *Feibusch v. Integrated Device Tech., Inc.* Civ. No. 03–00265 SOM/ LEK (D.Haw. July 1, 2004), *in* Defendants' Request for Judicial Notice).] The Court is not persuaded by these citations, however.

Most importantly, the Ninth Circuit case is unpublished; it therefore is not precedent and may not be relied upon. *See* Cir. R. 36–3(a)–(b). As for the district court cases, all but *Feibusch* were decided without the benefit of *Thomas* and *Sandy.* Finally, *Feibusch* does not consider the import of the *Thomas* Court's statement that "proof must be satisfactory to the insurer" only "arguably" confers discretion. Nor does *Feibusch* account for *Kearney's* suggestion that even "subject to its fiduciary duty, if the administrator is not satisfied (and has not abused its discretion in so deciding), then it does not have to pay" is ambiguous because it is insufficiently specific.[4]

In sum, Sun Life's policy does not make clear whether it reserves discretion, and if it does, the scope of that discretion. Accordingly, the Court concludes that it will review the denial of Plaintiff's long-term disability benefits application de novo.

---

4. Defendants add that "[a]ll Circuits have determined this language sufficient to confer discretion." [Reply at 2.] Defendants note that the Second Circuit has stated that a requirement of " 'proof satisfactory to [the decision-maker]' is an inadequate way to convey the idea that a plan administrator has discretion." According to Defendants, however, this was "dicta." [*Id.*]

Even if this statement was dicta, of course, it is still potentially persuasive authority. Contrary to Defendants' contention, [Reply at 5], Plaintiff may use it in support of his argument. In any event, it was not dicta. In passing on language requiring the claimant to "submit[ ] satisfactory proof of Total Disability to us," the Second Circuit held first that such language was ambiguous because it did not indicate to whom proof had to be satisfactory. *See Kinstler,* 181 F.3d at 251–52. But, it added, even if the phrase did mean proof had to be satisfactory to the insurer, that phrase did not adequately confer discretion. *See id.* at 252. In other words, the statement was an alternative ground for its decision, not dicta.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is DENIED.

**IT IS SO ORDERED.**