**Charles W. BARTEL**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA.**

Civil Action No. CCB–07–659.

United States District Court, D. Maryland.

March 6, 2008.

David Bryan Applefeld, Michael Richard Severino, Adelberg Rudow Dorf and Hendler LLC, Baltimore, MD, for Charles W. Bartel.

David E. Constine, III, Troutman Sanders LLP, Richmond, VA, Mary Catherine Zinsner, Troutman Sanders LLP, McLean, VA, for Sun Life Assurance Company of Canada.

## MEMORANDUM

CATHERINE C. BLAKE, District Judge.

Now pending before the court is a motion for partial summary judgment and motion to compel filed by plaintiff Charles W. Bartel against defendant Sun Life Assurance Company of Canada ("Sun Life"), and Sun Life's cross motion for partial summary judgment. Pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.,*

Bartel is suing Sun Life for denial of long term disability benefits related to a stroke Bartel suffered while employed by Adelberg, Rudow, Dorf & Hendler, LLC ("ARD & H"). Bartel and Sun Life each seek partial summary judgment on the proper standard of review that will govern this case. Bartel further moves to compel discovery beyond the disclosed administrative record. The issues in these motions have been fully briefed and no hearing is necessary. For the reasons stated below, Bartel's motions will be denied and Sun Life's cross motion granted.

## BACKGROUND

Bartel served as the Director of Administration at the law firm of ARD & H from January 30, 1987 until December 17, 2004. In that capacity, Bartel was responsible for overseeing the administrative needs of more than twenty attorneys and forty support personnel. According to Bartel, he was in charge of financial planning, personnel-staffing, physical facilities, long range planning, insurance, and compensation and profit distribution. (Pl.'s Sum. J. Mem. at 2.) Through his employment at ARD & H, Bartel became a participant in the firm's Sun Life Disability Plan (the "Plan") funded through an employee group benefits policy. The parties to this dispute do not contest that, while employed by ARD & H, Bartel suffered a stroke that ultimately led him to stop working on December 17, 2004.[1]

The factual underpinning of Bartel's lawsuit against Sun Life centers on Sun Life's denial of his claim for long term disability benefits based on his stroke.

---

**1.** Although the parties do not dispute that Bartel suffered a stroke, there are divergent opinions concerning the severity of that stroke and the resulting degree of disability. Sun Life's medical expert, Dr. Margaret O'Connor, "noted that Plaintiff's medical records *indicated* that he had a stroke in March

2003 ... [and] noted *some* limitations as a result of those neurological events, but contrary to the opinion of Plaintiff's treating physician, concluded that Plaintiff 'does not demonstrate Class 4 (marked) mental impairment,' " which would render him totally disabled. (Def.'s Reply Mem. at 11 n. 4.)

According to the terms of the Plan, Sun Life agreed to provide disability benefits to ARD & H employees, who suffered a total or partial disability due to an injury or sickness. (*Id.*) More relevant to the pending motions concerning standard of review and discovery, however, are terms in the Plan that may indicate whether Sun Life has been delegated discretionary authority to determine employee eligibility for benefits or to construe the terms of the Plan. First, in the section concerning the level of proof required to submit a valid claim, the Plan states that "[p]roof must be satisfactory to Sun Life." (*Id.* at Ex. A, The Plan at 47.) Second, in the section entitled "Insurer's Authority," the Plan states that:

> The Plan administrator has delegated to Sun Life its entire discretionary authority to make all determinations regarding claims for benefits under the benefit plan insured by this Policy. This discretionary authority includes, but is not limited to, the determination of eligibility for benefits, based upon enrollment information provided by the Policyholder, and the amount of any benefits due, and to construe the terms of this Policy. (*Id.*)

According to Bartel; these two provisions do not clearly and unambiguously grant Sun Life discretionary authority to interpret and apply the Plan; Bartel thus concludes that the court should apply a *de novo* standard of review when reviewing Sun Life's claim denial. Bartel further argues that Sun Life is collaterally estopped by a decision from a California district court, *Green v. Sun Life Assurance Co. of Canada,* 383 F.Supp.2d 1224 (C.D.Cal.2005), from suggesting that an abuse of discretion standard should apply in this case. Finally, Bartel asserts that under either a *de novo* or abuse of discretion standard, he is entitled to discovery beyond the administrative record.

In response, Sun Life filed a cross motion for summary judgment arguing that the Plan clearly delegates discretionary authority to Sun Life, thereby requiring this court to apply an abuse of discretion standard. Stating that it is not collaterally estopped from making such an argument, Sun Life further concludes that discovery beyond the administrative record is precluded under an abuse of discretion standard and granted only under exceptional circumstances with a *de novo* review. As will be discussed, the court agrees.

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a

genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir.2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court must "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witness' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir.2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In reviewing a claim under 29 U.S.C. § 1132(a)(1)(B) asserting wrongful denial of benefits, the court must first decide whether the ERISA plan at issue vested discretion in the plan administrator with respect to the contested benefits. *Blackshear v. Reliance Standard Life Ins. Co.*, 509 F.3d 634, 638 (4th Cir.2007); *see also Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). This determination is made *de novo. Blackshear*, 509 F.3d at 638; *Feder v. Paul Revere Life Ins. Co.*, 228 F.3d 518, 522 (4th Cir.2000). If the administrator's decision was discretionary, the court must determine whether the denial of benefits abused that discretion. *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315 (4th Cir.2008); *Smith v. Cont'l Cas. Co.*, 369 F.3d 412, 417 (4th Cir.2004); *Johannssen v. Dist. No. 1–Pacific Coast Dist., MEBA Pension Plan*, 292 F.3d 159, 168 (4th Cir.2002). "If a plan does not clearly grant discretion, [however], the standard of review is de novo." *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 268, 269 (4th Cir.2002).

For the abuse of discretion standard to apply, an ERISA plan must confer "discretionary authority to determine eligibility for benefits or to construe the terms of the plan" on the administrator. *Evans*, 514 F.3d at 321 (quoting *Firestone*, 489 U.S. at 115, 109 S.Ct. 948). The plan's intention to confer discretionary authority must be clear, and any ambiguity in an ERISA plan must be construed against the drafter and in accordance with the reasonable expectations of the insured. *Gallagher*, 305 F.3d at 268–69. "No specific phrases or terms are required in a plan to preclude a *de novo* standard of review," however. *Id.* at 268. Once the court determines that an abuse of discretion standard is proper, it is "limited to the evidence that was before the plan administrator at the time of the decision." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir.1995) (citing *Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir.1994)).

### I. *Proper Standard of Review*

Because the scope or availability of discovery is tied to the standard of review applied in ERISA cases, the court must first determine whether the Plan clearly and unambiguously grants Sun Life discretionary authority to construe and apply the Plan's provisions, thereby mandating the use of the deferential abuse of discretion standard. In interpreting an ERISA plan, general rules of contract interpretation apply and "courts construe the plan's terms without deferring to either party's interpretation." *Feder*, 228 F.3d at 522. As previously noted, however, a plan's intention to confer discretionary authority must be clear and unambiguous. *Gallagher*, 305 F.3d at 268–69. Bartel argues that the Plan does not clearly and unambiguously grant Sun Life discretionary authority,

and that Sun Life is collaterally estopped from making such an argument.

■ Contrary to Bartel's assertions, the Plan provides two distinct provisions, each of which independently grants Sun Life the clear and unambiguous right to construe the terms of the plan and determine employee benefits eligibility. The first term provides that "[p]roof [of disability] must be satisfactory to Sun Life." (*Id.* at Ex. A, The Plan at 47.) In *Gallagher*, the Fourth Circuit had an opportunity to construe language in an ERISA plan that at first glance appears to be similar to the "proof" provision here. There, the disability plan provided for benefits to be paid if the insured "submits satisfactory proof of Total Disability to us." *Gallagher*, 305 F.3d at 269. Recognizing that it was unclear whether the proof submitted to the insurer must be objectively or subjectively "satisfactory," the Court noted that only the latter interpretation would grant discretionary authority to the insurer. *Id.* The Court ultimately construed the plan language against the insurer on the grounds that the language was not clear and "an insured employee reading this language would most likely interpret 'to us' as an indication of where to submit the proof, not as granting Reliance [the insurer] discretion to determine whether the proof was satisfactory." *Id.* at 269–70.

Unlike the plan language construed in *Gallagher*, Sun Life's proof provision appears to grant clear and unambiguous discretion to Sun Life in determining whether the offered proof of disability is satisfactory. In other words, the ambiguity in the language construed in *Gallagher* does not exist here, because the language does not indicate where a claimant must submit his proof, but rather specifies that the proof must be satisfactory to Sun Life. Because the plain meaning of the proof provision grants Sun Life the right to subjectively determine whether proof of disability is satisfactory, it would appear that Sun Life has been granted discretionary authority to determine benefit eligibility; the resulting standard of review should therefore be abuse of discretion.

Other courts have reached the same result when construing identical proof provision language found in other Sun Life ERISA plans. In *Gecy v. Service Care, Inc.*, 465 F.Supp.2d 507, 512 (D.S.C.2006), the court followed the reasoning of *Gallagher* in determining that Sun Life's proof provision language granted Sun Life the authority to subjectively determine whether proof of a disability was satisfactory. Similarly, the Tenth Circuit analyzed a Sun Life ERISA plan by distinguishing:

> ... language—in particular, the words "satisfactory to Sun Life"—from language in other plans that requires only submission of satisfactory proof, without reference to who must be satisfied. Most circuits that have considered the issue have concluded that the mere requirement to submit satisfactory or adequate proof of eligibility does not confer discretion upon an administrator ... On the other hand, when, as in this case, a plan states that the grant or denial of a particular benefit is to be determined by proof satisfactory to the administrator, courts have said that deferential review is proper.

*Nance v. Sun Life Assur. Co. of Canada*, 294 F.3d 1263, 1267–68 (10th Cir.2002); *see also Brigham v. Sun Life of Canada*, 317 F.3d 72, 81 (1st Cir.2003) (noting in a similar Sun Life ERISA plan that "[c]ircuits that have considered similar language view the 'to us' after 'satisfactory' as an indicator of subjective, discretionary authority on the part of the administrator, distinguishing such phrasing from policies that simply require 'satisfactory proof' of

disability, without specifying who must be satisfied").

Despite the precedent established by *Gallagher, Gecy, Nance,* and *Brigham,* Bartel argues that a contrary holding from a district court in California collaterally estops Sun Life from arguing the majority position here. In *Green,* 383 F.Supp.2d at 1226–28, the district court found that Ninth Circuit precedent indicated that an identical Sun Life proof provision was not sufficiently unambiguous as to grant Sun Life discretionary authority. *See also Febusch v. Integrated Device Tech., Inc.,* 463 F.3d 880, 883–84 (9th Cir.2006). In reaching this conclusion, the court noted that the provision could mean that the insurer must be satisfied by the proof submitted, and that other circuits have held accordingly, but that Ninth Circuit case law required a different outcome. *Green,* 383 F.Supp.2d at 1227–28. Based on this decision, Bartel suggests that Sun Life is now collaterally estopped from arguing that its ERISA plan with ARD & H delegated to it discretionary authority.

Bartel's estoppel argument is without merit. Sun Life is no more collaterally estopped from arguing its position here than Bartel his. Although there does appear to be a circuit split as to whether language similar to Sun Life's proof provision in this policy grants the administrator discretionary authority, as a matter of law, Bartel cannot select a favorable judicial outcome and assert its preclusive effect, while ignoring unfavorable outcomes within this and other circuits. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 330, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (noting that offensive collateral estoppel may be inappropriate where the previous judgment a plaintiff seeks to rely upon for estoppel "is itself inconsistent with one or more previous judgments in favor of the defendant"). This court will follow the precedent established by the Fourth Circuit in *Gallagher* and applied by the district court in *Gecy.* Moreover, the doctrine of collateral estoppel is only appropriate when the facts and issues litigated in a previous action are identical to those in the pending suit. *See Sedlack v. Braswell Svcs. Group, Inc.,* 134 F.3d 219, 224 (4th Cir.1998) (noting that "[c]ollateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation"). Here, however, Sun Life's ERISA plan contains an additional provision entitled "Insurer's Authority," which was not considered by *Green.* To the extent there is any ambiguity concerning the language of, or the law related to, Sun Life's proof provision, the Insurer's Authority provision independently provides Sun Life with discretionary authority, thereby mandating application of an abuse of discretion standard.

As previously noted, the Authority provision provides that:

> The Plan administrator has delegated to Sun Life its entire discretionary authority to make all determinations regarding claims for benefits under the benefit plan insured by this Policy. This discretionary authority includes, but is not limited to, the determination of eligibility for benefits, based upon enrollment information provided by the Policyholder, and the amount of any benefits due, and to construe the terms of this Policy.

(Pl.'s Sum. J. Mem. at Ex. A, The Plan at 47.) Bartel does not discuss this provision in making his collateral estoppel argument. Furthermore, he argues that the provision does not unambiguously grant Sun Life complete discretionary authority, because the authority delegated is not "final" and the language is unclear. To the contrary, the language could not be much clearer in delegating to Sun Life *"entire discretion-*

*ary authority* to make all determinations regarding claims for benefits under the benefit plan insured by this Policy." (*Id.* (emphasis added).) The provision goes on to note that the delegated authority includes the discretion to determine "eligibility for benefits" and "to construe the terms of this Policy." (*Id.*) Recalling that for the abuse of discretion standard to apply, an ERISA plan must confer "discretionary authority to determine eligibility for benefits or to construe the terms of the plan" on the administrator, *Evans*, 514 F.3d at 321 (quoting *Firestone*, 489 U.S. at 115, 109 S.Ct. 948), the language of the Plan here leaves no doubt that the more deferential standard of review must apply.

█ There is one last issue concerning the proper standard of review that must be considered before the court can determine whether discovery beyond the administrative record is available under an abuse of discretion standard. The Fourth Circuit has noted that "when an administrator or fiduciary with discretion is operating under a conflict of interest such that its decision to award or deny benefits impacts its own financial interests, 'that conflict must be weighed as a facto[r] in determining whether there is an abuse of discretion.'" *Bernstein*, 70 F.3d at 787 (quoting *Firestone*, 489 U.S. at 115, 109 S.Ct. 948). The conflict of interest factor must be considered, "on a case by case basis, to lessen the deference normally given under this standard of review only to the extent necessary to counteract any influence unduly resulting from the conflict." *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 233 (4th Cir.1997). Given the sliding-scale standard of review, the "more incentive for the administrator or fiduciary to benefit itself by a certain interpretation of benefit eligibility or other plan terms, the more objectively reasonable the administrator or fiduciary's decision must be and the more substantial the evidence

must be to support it." *Id.* Therefore, because Sun Life is both the insurer and administrator of the Plan, the court will weigh this apparent conflict of interest as a factor under a modified abuse of discretion standard. *See e.g., Gecy,* 465 F.Supp.2d at 512–13.

## II. *Availability of Discovery*

Bartel argues that even if the court determines that an abuse of discretion standard is applicable in this case, he is still entitled to discovery beyond the administrative record relied upon by Sun Life in denying his long-term benefits. More specifically, Bartel suggests that he should be permitted to conduct discovery on matters relating to Sun Life's conflict of interest, including information concerning its claims handling procedures, training of claims personnel, bonuses paid to claims managers, relationships with independent healthcare professionals, and consistency in the interpretation of this policy with others, as well as other information generally relating to Sun Life's decision making process. (*See* Pl.'s Compel Mem. at 8–9.) In response, Sun Life argues that even under a modified abuse of discretion standard, the parties are not entitled to discovery and the court must rely upon the same administrative record that the administrator considered in denying an employee's benefits claim.

"[W]hen a district court reviews a plan administrator's decision under a deferential standard, the district court is limited to the evidence that was before the plan administrator at the time of the decision." *Bernstein,* 70 F.3d at 788 (quoting *Sheppard & Enoch Pratt Hosp.,* 32 F.3d at 125; *see also Stup v. UNUM Life Ins. Co.,* 390 F.3d 301, 307 n. 3 (4th Cir.2004) (noting that "in reviewing UNUM's decision, a court cannot consider evidence that was not before UNUM when it made its

determination," and refusing to consider a deposition that supported plaintiff's claim). A district court has discretion to allow evidence that was not before the plan administrator only when a *de novo* standard applies, and even then, only in exceptional circumstances, where such "additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1025 (4th Cir. 1993). Discovery is, therefore, necessarily limited in ERISA cases, and "generally [ ] not available when the court's review is for abuse of discretion." *Abromitis v. Continental Cas. Co.,* 261 F.Supp.2d 388, 390–91 (W.D.N.C.2003); *see also McCready v. Standard Ins. Co.,* 417 F.Supp.2d 684, 687 n. 2 (D.Md.2006) (reaffirming decision to deny motion to compel discovery, because "[i]t is well established that review of an administrator's decision for reasonableness is based on the evidence before the administrator at the time of the determination"); *Stanley v. Metropolitan Life Ins. Co.,* 312 F.Supp.2d 786, 791 (E.D.Va.2004) (noting that "the Fourth Circuit precludes discovery of non-record information, and therefore prohibits courts probing into the recesses of the administrator's mind").

The law in the Fourth Circuit, therefore, appears to preclude discovery beyond the administrative record when the court's review is for an abuse of discretion.[2] This rule applies equally to discovery concerning the extent of a conflict of interest, where, as here, that conflict is apparent. *See Abromitis,* 261 F.Supp.2d at 391. As previously discussed, where a conflict is apparent, the court will weigh it as a factor under the modified abuse of discretion standard.[3] *Ellis,* 126 F.3d at 233. Limiting discovery and requiring a court to consider only the record that was before the plan administrator promotes the ERISA objectives of promptly resolving claims and preventing courts from becoming substitute plan administrators.[4] *See Quesinberry,* 987 F.2d at 1025.

In arguing that discovery is permissible under a modified abuse of discretion standard, Bartel mistakenly relies upon *Bedrick v. Travelers Ins. Co.,* 93 F.3d 149 (4th Cir.1996) and *Booth v. Wal–Mart Stores, Inc. Assoc.,* 201 F.3d 335 (4th Cir. 2000). In *Bedrick,* although it does appear that discovery was conducted in the district court, there is no evidence that this discovery was ever challenged by the defendant at that stage or on appeal. *See Stanley,* 312 F.Supp.2d at 790. Additionally, while *Booth* articulates eight possible

2. To the extent that discovery might be permissible, the claimant would, at the least, need to demonstrate exceptional circumstances. *See Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1025 (4th Cir. 1993). Here, however, Bartel has not provided evidence of wrongdoing, bad faith, or other circumstances that might require the court to determine whether this case falls outside of the general rule prohibiting discovery beyond the administrative record under an abuse of discretion standard.

3. Similar to the analysis in the preceding footnote, the court has not been offered evidence of a conflict of interest that so severely impacted the decision to deny Bartel's claim that this case requires consideration beyond the general rule precluding discovery when a conflict is apparent and capable of being weighed as a factor under a modified abuse of discretion standard.

4. Bartel is not without recourse, however, should he prevail in demonstrating the inadequacy of the administrative record relied upon by Sun Life in denying his claim. A deficient or inadequate administrative record may cut against the reasonableness of the administrator's decision to deny benefits. Moreover, if a court finds that the administrative record lacks adequate evidence, it may remand the matter to the insurer for reconsideration. *See Bernstein v. CapitalCare, Inc.,* 70 F.3d 783, 788–89 (4th Cir.1995).

factors that a court may consider in determining the reasonableness of an administrator's decision under an abuse of discretion standard, there is no suggestion that these factors change the prevailing rule precluding discovery beyond the administrative record.[5] In fact, the Court in *Booth* did not discuss the issue of discovery and based its ultimate decision on a "review of the record." 201 F.3d at 344; *see also Stanley,* 312 F.Supp.2d at 790. Therefore, Bartel may not seek discovery on matters ostensibly related to the *Booth* factors.

Bartel further offers a decision from outside this Circuit, *Nagele v. Elec. Data Systems Corp.,* 193 F.R.D. 94 (W.D.N.Y.2000), which allowed pre-trial discovery on matters beyond the administrative record. The Fourth Circuit, however, has clearly articulated that even under a *de novo* standard of review, discovery is rarely permitted, absent excep-

tional circumstances. *See Quesinberry,* 987 F.2d at 1025. Moreover, courts within this Circuit are more inclined to follow the reasoning of *Perlman v. Swiss Bank Corp.,* 195 F.3d 975 (7th Cir.1999), *see e.g., Stanley,* 312 F.Supp.2d at 791,[6] which was discussed and largely rejected by *Nagele.*[7] *Nagele,* 193 F.R.D. at 105–08. *Perlman* stated that discovery is essentially prohibited under a deferential standard of review and "the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency." 195 F.3d at 981–82. Therefore, the court here finds that permitting discovery on matters beyond the administrative record relating to an apparent conflict of interest and/or Sun Life's decision-making process is impermissible.[8]

A separate order follows.

---

5. It is also of note that the *Booth* factors do not appear to replace the traditional reasonableness test that requires a court to consider whether an administrator's decision is "the result of a deliberate, principled reasoning process" and is "supported by substantial evidence." *See Stup,* 390 F.3d at 307. Instead, the factors are better understood as informing the traditional elements of reasonableness and offering a non-exhaustive list of relevant considerations.

6. Bartel cites three unpublished magistrate judge orders from within this Circuit where discovery beyond the administrative record was permitted. (*See* Pl.'s Compel Mem. at Exs. D, E, F.) To the extent that those orders are contrary to the reasoning of this opinion, they are not binding precedent on the court. Additionally, Bartel has not offered any evidence that raises an inference of wrongdoing or bad faith that would lead the court to depart from the general rule prohibiting discovery in ERISA suits beyond the administrative record.

7. Sun Life relies heavily on an unpublished Fourth Circuit decision, *Donnell v. Metropolitan Life Ins. Co.,* 165 Fed.Appx. 288 (4th

Cir.2006), to argue that discovery is impermissible under an abuse of discretion standard as explicated by *Perlman.* Because *Donnell* is unpublished, it does not have precedential value in this Circuit. To the extent, however, that Bartel offers *Nagele,* a district court opinion from outside of this Circuit, as authority, *Donnell* indicates that the Fourth Circuit is more inclined to follow *Perlman.* The Court in *Donnell* quotes *Perlman,* in part, stating that "[w]here, as here, a court reviews an administrator's decision under a deferential standard, discovery and introduction of extrinsic evidence pertaining to the 'mental processes of the plan's administrator' are generally, if not uniformly, disallowed." 165 Fed.Appx. at 297 (quoting *Perlman,* 195 F.3d at 981–82).

8. The motion to compel discovery will be denied without prejudice and subject to reconsideration if Bartel is able to specify information that should be contained in the administrative record, but is missing. Bartel suggests with vague wording that the administrative record disclosed by Sun Life lacks information normally found within such a record. (Pl.'s Compel Mem. at 8 n.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. the plaintiff's motion for summary judgment (docket entry no. 15) is **DENIED;**

2. the plaintiff's motion to compel (docket entry no. 16) is **DENIED without prejudice,** subject to renewal if warranted consistent with the accompanying Memorandum; and

3. the defendant's cross motion for summary judgment (docket entry no. 17) is **GRANTED.**

3.) If this is the case, Bartel may file a Rule 56(f) affidavit in response to Sun Life's anticipated motion for summary judgment that identifies what relevant information has been inappropriately omitted and why that information is necessary to his case.